|,WICKER, Judge.
Ruben Castillo appeals his conviction of forcible rape, a violation of La.R.S. 14:42.1. Reviewing the case as a so-called Anders appeal (see discussion, infra), we affirm the conviction.
FACTS
The victim, a 24-year-old woman, testified she was in her Metairie apartment watching television at about 5:00 a.m. on May 27,1988. Ruben Castillo, a man whom she knew as an acquaintance, opened the apartment’s unlocked door without knocking and walked in. Castillo had dropped in three or four times previously, uninvited, to visit the victim in her apartment. This time the victim chided him for failing to knock and chatted briefly, then told him to leave because she was going to sleep. After Castillo left, the victim put a note on the outside of the door for a friend whom she was expecting to come by. She locked the door’s deadbolt latch and then went to sleep.
About an hour later, the victim awoke and discovered Castillo lying in her bed. He had removed his outer pants, but had on his underwear. The victim told him to leave, but he did not. She began struggling with and fighting him. He punched her repeatedly with his fist, resulting in bruises to her eye and forehead and abrasions on both her arms. Eventually she quit fighting because she feared he would kill her. Castillo pulled off her underwear and his own and had intercourse with her.
The victim denied that she consented to intercourse. She testified that before Castillo raped her, she asked him how he got in her apartment and he told her, “You can do anything with a screwdriver.” She was seared because she thought he might have a screwdriver with him. She later discovered an unknown screwdriver on her living room |2coffee table. Other testimony and photo-showed that the door to the -victim’s apartment had fresh pry marks around the k>ck.
Afterward Castillo allowed the victim to get dressed. She escaped the apartment on a ruse and hid until Castillo departed. She then notified her landlady, who called the police. The victim identified Castillo from a photographic lineup.
Police eventually located Castillo’s apartment and found him hiding in a closet. He was arrested. He executed a waiver-of-rights statement, then gave a statement to police in which he admitted having intercourse with the victim, but claimed it was consensual. After his arrest Castillo was charged with one count of forcible rape and one count of aggravated burglary, a violation of La.R.S. 14:60. He entered pleas of not guilty.
At trial, Castillo maintained he had sexual intercourse with the victim with her consent. He acknowledged that the victim asked him to leave on his first visit to her apartment that night, but he stated that she rubbed against his arm and “implied” she wanted to have sex with him. He claimed the door was unlocked both times he entered the apartment, but admitted he entered without knocking, although on his previous visits he had knocked before entering. He conceded that when the victim woke up and found him in bed with her she started throwing punches, but said that after he “calmed her down” she agreed to intercourse. He also said that he hid in the closet when the police were searching his apartment because his student visa had expired and he was afraid they were immigration officers.
The jury found Castillo guilty on the forcible rape charge, but acquitted him on the aggravated burglary charge. On August 17, 1989, following a pre-sentence investigation, the trial court sentenced the defendant to twenty years at hard labor, the first two years to be served without benefit of parole, probation or suspension of sentence. He *786 now comes before us on an out-of-time appeal.
\ aANDERS APPEALS
As mentioned above, this appeal is of the type called an Anders appeal: that is, the defendant’s appellate counsel has asserted there are no non-frivolous issues to be addressed on the appeal and has requested permission to withdraw as counsel. This type of appeal was addressed by the United States Supreme Court in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in which the Supreme Court stated, at 386 U.S. at 743-45, 87 S.Ct. at 1400:
The constitutional requirement of sub-' stantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of amicus curiae. The no-merit letter and the procedure it triggers do not reach that dignity. Counsel should, and can with honor and without conflict, be of more assistance to his client and to the court. [Footnote omitted] His role as advocate requires that he support his client’s appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel’s brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court — not counsel — then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel’s request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.
Subsequent to the Anders decision, the United States Fifth Circuit Court of Appeal concluded that an indigent defendant was denied effective assistance of counsel on appeal because his counsel filed a brief which did not assert arguable error but merely requested patent error review. The court held that in doing so, defense counsel effectively withdrew from the case without complying with the requirements of Anders, set forth supra. Lofton v. Whitley, 905 F.2d 885 (5th Cir.1990).
Lin an effort to comply with the Lofton decision, the Louisiana Fourth Circuit Court of Appeal adopted an internal rule which governs the processing of errors-patent cases. In State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990), the Fourth Circuit discussed its internal rule and set forth the procedures adopted in its effort to comply with Anders v. California, supra, and Lofton v. Whitley, supra. The Fourth Circuit stated:
Counsel is required to review the district court record thoroughly and present any claim with arguable merit to this court. However, this court will not require appointed counsel to raise frivolous issues, then refer to legal authorities which demonstrate that these issues are in fact frivolous and thus undermine his client’s position. Indigent defendants have the right to be assisted by an appellate attorney exercising professional competence and judgment. We are convinced that indigent appellants receive such assistance when an attorney, exercising professional competence and judgment after a conscientious and thorough review of the record, concludes that there are no non-fiivolous issues to raise on appeal and no rulings which arguably support the appeal. This is the same exercise in judgment made by an appointed or retained appellate attorney who finds one arguable issue but no other non-frivolous issues to raise on appeal. Counsel should, and must, raise whatever issues “arguably support the appeal”, including arguments for change in established law when a valid basis for advocating such change exists. However, counsel need not raise issues believed to be without merit and not even arguably supportive of the appeal.
*787 When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, Anders requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court’s review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.
State v. Benjamin, supra, at 530-531.
|sThe procedure set forth in State v. Benjamin, supra, has been cited with approval by the Louisiana Supreme Court. See State ex rel. Hawkins v. Criminal District Court, Parish of Orleans, Section J, 629 So.2d 421 (La.1993).
In the case before us, defense counsel’s brief follows the procedure approved by An-ders. It includes a statement that, despite thorough review of the record, counsel could find no non-frivolous appealable issues and it attaches copies of counsel’s motion to withdraw and his letter to the appellant explaining the course of action taken and advising him of his right to file a supplemental pro se brief. In an abundance of caution, counsel urges this Court to conduct a patent-error review.
In addition, pursuant to the procedure described in Benjamin, supra, this Court notified the defendant separately, by certified mail, of his right to file a brief in his own behalf. Although the return receipt indicated the letter was delivered, the defendant has not responded to our notice.
ERROR PATENT DISCUSSION
Our error patent review reveals one patent error, which is not reversible error. Although the minute entry and commitment form indicate that the trial court ordered that defendant be given credit for time served, the transcript does not reveal that the trial court actually gave defendant this credit, as required by La.Code Crim.P. art. 880. Generally, where there is a discrepancy between the minutes and the transcript, the transcript prevails. See State v. Lynch, 441 So.2d 732 (La.1983); State v. Richard, 525 So.2d 1097, 1101 (La.App. 5th Cir.1988). Nevertheless, since credit for time served is mandated, this error does not warrant correction.
However, review for Anders purposes is not completed merely by a patent-error review. We also are required to review the transcripts and all the rulings for issues which arguably support the appeal.[1] If none are found, the defendant’s conviction and sentence |6are affirmed and the motion to -withdraw is granted. See State v. Riley, 94-0811 (La.App. 4th Cir. 9/29/94), 643 So.2d 785. We have conducted such an extended review in this case, but it discloses no issues which would arguably support the appeal. At the hearing on defendant’s motion to suppress, the State presented evidence in support of the identification by the victim and evidence showing that defendant was advised of his Miranda rights and that his statement was voluntary. The defendant presented no evidence at that hearing. Nor did the trial court’s rulings during trial testimony raise issues which could arguably support the appeal.
Accordingly, the defendant’s conviction and sentence are affirmed. Defense counsel’s motion to withdraw is granted.

*788
CONVICTION AND SENTENCE AFFIRMED; MOTION TO WITHDRAW GRANTED.

. This type of patent-error review is more extensive than the type our court routinely conducts in criminal appeals. Our routine review does not include a review of the transcripts and rulings.