676 So.2d 1120 (1996)
STATE of Louisiana
v.
Matthew J. HAYNES.
No. 96-KA-84.
Court of Appeal of Louisiana, Fifth Circuit.
June 25, 1996.
*1121 Linda Davis-Short, Staff Appellate Counsel, 24th Judicial District, Indigent Defender Board, Gretna, for defendant-appellant.
John M. Mamoulides, District Attorney, Terry M. Boudreaux, Assistant District Attorney, Gretna, for plaintiff-appellee.
Before WICKER, GOTHARD and DALEY, JJ.
WICKER, Judge.
Mathew J. Haynes and three other individuals were charged by grand jury indictment with violation of La.R.S. 14:30, first degree murder, for the killing of Warren Broadnax and Gary Veal. All four defendants entered pleas of not guilty. Their cases later were severed for trial and the indictment subsequently was amended to reduce the charge against Haynes to second degree murder, LSA-R.S. 14:30.1. After trial before a twelve-member jury, Haynes was found guilty of second degree murder and was sentenced to the mandatory term of life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. Defendant now appeals. We affirm.

FACTS
At the trial the prosecution's chief witness was Marc Carey, who had been one of Haynes' codefendants prior to severance of their cases. Carey testified that on September 23, 1993, he was at Dwayne Parquette's apartment with Matthew Haynes (nicknamed "Padoo"), Frank Smith and Michael Banford. The men discussed "making money" and eventually talked about robbing drug dealers in Avondale. Smith told them he knew where to find some drug dealers and offered to lead them to the drug dealers.
The men left the apartment in three different vehicles and stopped at a convenience store en route to discuss their plan. Smith told them he would tap the brake lights of his vehicle to identify the dealers to rob. When they left the store, Parquette was in one vehicle, Smith in another, and Haynes, Carey and Banford were in the third, an Isuzu Impulse owned by Haynes' girlfriend. Haynes was driving, Carey was in the front passenger seat and Banford was in the back seat. Parquette fell behind and they lost track of him. When they arrived at the drug dealers' neighborhood Smith tapped his vehicle's brake lights to designate the intended victims of the robbery. The car in which Carey was riding stopped and Haynes and Banford got out. They approached the victims, ordered them to lie on the ground, and demanded to know "where it's at." The victims told them, "We ain't got nothing," and Haynes and Banford shot them. Carey testified he saw Banford pull from the trunk of Smith's car a small gun, which he thought was a .25 caliber, but that Padoo had his own gun, which Carey thought was either a .380 Biretta or a nine-millimeter. Carey also *1122 identified photos of a silver Isuzu Impulse as the car they were in that night.
Dr. Susan Garcia, a forensic pathologist with the Jefferson Parish Coroner's Office, testified she performed autopsies on the bodies of the victims, Gary Veal and Warren Broadnax. Dr. Garcia stated both deaths resulted from lethal gunshot wounds and classified the manner of death as homicides. Veal suffered one lethal wound above the right hip bone which penetrated into his heart, liver and lung, as well as a nonlethal defensive wound to his right arm. Broadnax suffered multiple bullet entrance wounds, but the only lethal injury was an entrance wound in his right forehead that resulted in a penetrating injury to his brain. He also had defensive wounds on the back of his right forearm. Toxicology tests on Veal revealed levels of cocaine, phencyclidine (commonly known as PCP), and cannabanoids (the active ingredient of marijuana) in his system at the time of death; Dr. Garcia stated, however, that Veal's systemic drug level was not a contributing cause of his death. Toxicology tests on Broadnax were negative for drugs or alcohol in his system.
Louise Walzer, senior firearms examiner with the Jefferson Parish Sheriff's Office Crime Laboratory, testified as an expert in the field of firearms identification. She had tested the bullets recovered from the victims' bodies. Based on the projectiles and shell casings she tested in this case, she concluded that two weapons were probably involved, a.25 caliber and a .38 caliber.
Kelly Corrigan, a crime scene technician with the Jefferson Parish Sheriff's Officer, testified he investigated the scene of the shooting. He collected from the scene bullet casings for two .22 caliber bullets, five .25 caliber bullets, and six .380 caliber bullets.
Stacey Allen testified she is a neighbor of Haynes' girlfriend, Melissa Robertson, and that Robertson has occasionally loaned her car to her. Allen said that the last time she tried to borrow Robertson's car Haynes refused, saying that he had tried to rob someone in Avondale a few days before and that he did not want someone to recognize the vehicle. Allen identified the car in the State's evidence photographs as Robertson's.
Defendant presented no witnesses or other evidence.

ISSUES
On appeal defense counsel has filed an Anders brief, stating there are no nonfrivolous issues on appeal and requesting permission to withdraw as counsel. In addition, counsel has notified the defendant of this action and has advised him of his right to file a pro se supplemental brief. Defense counsel's brief follows the procedure approved by the United States Supreme Court in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), reh. denied, 388 U.S. 924, 87 S.Ct. 2094, 18 L.Ed.2d 1377 (1967).
Anders provides guidance as to the procedure to be used when appellate defense counsel finds a case to be wholly frivolous: Counsel must advise the court of its finding and request permission to withdraw. The defendant is sent a copy of the brief and is allowed time to file a brief raising any points that he chooses; the courtnot counselthen proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal. On the other hand, if it finds any of the legal points are arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.
This Court previously has cited with approval and followed the procedure adopted by the fourth circuit in handling Anders appeals. State v. Castillo, 95-325 (La.App. 5th Cir. 10/18/95) 663 So.2d 784, citing State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir. 1990). "Counsel should, and must, raise whatever issues `arguably support the appeal', including arguments for change in established law when a valid basis for advocating such change exists. However, counsel need not raise issues believed to be without merit and not even arguably supportive of the appeal." State v. Castillo, supra, at 786. This Court then proceeds with a "thorough independent review" of the record after providing the appellant an opportunity to file a brief in his or her own behalf. Id., at 787.
*1123 This Court has sent defendant a letter by certified mail, return receipt requested, informing him of his counsel's action and of his right to file a supplemental brief raising any issues he considers to be nonfrivolous and worthy of consideration on appeal. Defendant has not responded.
We have also conducted an independent review of the record. Although the obvious issues are the trial court's evidentiary rulings during trial, we find no basis for reversal regarding any of the evidentiary rulings. In addition, our review of the evidence convinces us it is more than sufficient to support the conviction.

ERROR PATENT DISCUSSION
The minute entry and commitment form indicate the trial court ordered that defendant be given credit for time served, as required by La.Code Crim.P. art. 880. However, the transcript does not reveal that the trial court actually gave defendant this credit. Generally, where there is a discrepancy between the minutes and the transcript, the transcript prevails. See State v. Lynch, 441 So.2d 732 (La.1983); State v. Richard, 525 So.2d 1097, 1101 (La.App. 5 Cir.1988). This error does not warrant reversal of the conviction, however, because the credit is mandatory. Nor does it require correction, since the minute entry and commitment conform with the law's requirements. Thus, there are no issues which arguably support the appeal.
We note an additional patent error which does not affect the validity of the conviction, in that the trial court failed to inform the defendant of the time limitations for seeking post-conviction relief, as required by La.Code Crim.P. Art. 930.8.
For the foregoing reasons, the conviction and sentence are affirmed. Defense counsel's motion to withdraw is granted. The district court is ordered to notify the defendant of the prescriptive period for post-conviction relief, as required by La.Code Crim.P. Art. 930.8(C), within 10 days of the date this judgment becomes final, and to inform this court when it has taken such action.
CONVICTION AND SENTENCE AFFIRMED; MOTION TO WITHDRAW GRANTED, WITH ORDER.