701 So.2d 1067 (1997)
STATE of Louisiana
v.
Kenneth LEDET.
No. 97-KA-363.
Court of Appeal of Louisiana, Fifth Circuit.
October 28, 1997.
Martin E. Regan, Jr., New Orleans, for Defendant/Appellant.
Paul D. Connick, Jr., District Attorney, Alison Wallis, Assistant District Attorney, Gretna, for Plaintiff/Appellee.
Before GRISBAUM, CANNELLA and DALEY, JJ.
DALEY, Judge.
The defendant, Kenneth Ledet, was charged with conspiracy to commit first degree murder in violation of LSA-R.S. 14:26 and LSA-R.S. 14:30. Defendant pled not guilty at arraignment. On February 19, 1997, defendant withdrew his original plea of not guilty, and pled guilty as charged. On the same day, the trial court sentenced the defendant, in conformity with his plea agreement, to twenty years at hard labor, with credit for time served. The defendant has appealed claiming the sentence is constitutionally excessive, that the trial court erred in failing to delay twenty-four hours prior to sentencing, and that Louisiana Code of Criminal Procedure Article 881.2(A)(2) is unconstitutional. Although we find his assignments of error, as written, have no merit, we note an error patent which requires that the conviction and sentence be vacated and the case remanded to the district court for further proceedings.

DISCUSSION
In his first assignment of error, the defendant complains that the twenty year sentence *1068 is excessive. However, a reading of the discussion under this assignment of error indicates that defendant's claim is actually an attack on the voluntary nature of his guilty plea. He argues that "there was a fundamental failure of a meeting of the minds as to the substance of the plea bargain."
Mr. Ledet contends that his guilty plea was not knowing and voluntary because it was induced by the trial court's inaccurate representation of his sentence exposure. The record reveals that during the plea, the trial judge informed him that the maximum penalty for the charged offense is fifty years. The Waiver of Rights form also indicates that the maximum penalty is fifty years. However, LSA-R.S. 14:26(B) actually provides for a maximum sentence of thirty years. The record shows that the defendant agreed to a sentence of twenty years as part of the plea agreement. He argues that he thought he was receiving a sentence which was less than half of the maximum and that he would not have agreed to the twenty years if he had known it was only ten years less than the maximum penalty under the statute.
In State v. Williams, 554 So.2d 139 (La.App.2d Cir.1989), the Second Circuit reversed a conviction and sentence finding the trial court did not adequately inform the defendant of the maximum sentence which could be imposed. The Williams court stated:
Deficiencies arising from the guilty plea colloquy are errors patent and the reviewing court is bound to recognize them. State v. Godejohn, 425 So.2d 750 (La.1983); LSA-C.Cr.P. art. 920(2). For a guilty plea to be valid, there must be a showing that the defendant was informed of and waived his constitutional rights of trial by jury and confrontation and the right against compulsory self-incrimination. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971). The defendant must also be apprised of the maximum penalty exposure in order to enter a knowing and intelligent plea of guilty. State ex rel. LaFleur v. Donnelly, 416 So.2d 82 (La.1982); State v. Smith, 513 So.2d 544 (La.App.2d Cir.1987). * * * Failure to advise the defendant of the maximum sentence of the crime to which he pleads is error patent. State v. Young, 535 So.2d 1150 (La.App.2d Cir. 1988).
In State ex rel. LaFleur, supra, the Louisiana Supreme Court noted that while it is important to the voluntariness of a guilty plea that a defendant understand the three Boykin rights, "... it is probably much more important to the defendant's decision (about whether to plead guilty) that he understand the maximum penalty exposure." State ex rel. LaFleur at 84. In State in the Interest of Jarrell, 399 So.2d 583, 584 (La.1981), Justice Dennis suggests that "... a constitutional question may be raised as to whether the plea was intelligently entered where the defendant is misinformed of the maximum sentence ..."
In State v. Johnson, 95-626 (La.App. 3rd Cir. 12/13/95), 666 So.2d 1137, writ denied, 96-0156 (La.4/19/96), 671 So.2d 925, the court found the defendant's guilty plea was invalid because it was based on the trial court's erroneous statement that she would be eligible for probation. The court reasoned that "... where a trial court commits an error of law by erroneously advising a defendant of the applicable penalty, the defendant is entitled to have the guilty plea set aside." Id. at p. 1142.
The trial court misinformed the defendant of the maximum penalty and the defendant appealed arguing that his guilty plea was invalid because of this error in State v. Langendorfer, 389 So.2d 1271 (La.1980). In Langendorfer, the trial judge told the defendant the maximum sentence was two years, rather than the actual twenty years. The Supreme Court found that the error was "either an inadvertent slip of the tongue by the judge or a failure in transcription," and refused to invalidate the plea. Id. at 1276. The instant case is distinguishable from Langendorfer in that the misstatement by the trial judge in this case does not appear to have been a "slip of the tongue" or an error in transcription. It appears that the court in this case mistakenly referred to the statute *1069 dealing with attempted murder, LSA-R.S. 14:27, in determining defendant's sentence exposure. LSA-R.S. 14:27 provides for a maximum sentence of fifty years when the attempted offense is punishable by death or life imprisonment. The statute outlining the sentence for criminal conspiracy, LSA-R.S. 14:26, provides for a maximum sentence of thirty years when the crime conspired to is punishable by death or life imprisonment.
For the foregoing reasons, defendant's conviction and sentence are vacated and this case is remanded to the trial court for further proceedings.
CONVICTION AND SENTENCE VACATED AND REMANDED.