733 So.2d 1212 (1999)
STATE of Louisiana
v.
Gregory L. MANSION.
No. 98-KA-992.
Court of Appeal of Louisiana, Fifth Circuit.
April 27, 1999.
*1213 Martin E. Regan, Jr., New Orleans, Louisiana, Attorney for Appellant Gregory L. Mansion.
Paul D. Connick, Jr., District Attorney, Alison Wallis, Terry M. Boudreaux, Frank A. Brindisi, Assistant District Attorneys, Gretna, Louisiana, Attorneys for Appellee State of Louisiana.
Panel composed of Judges SOL GOTHARD, MARION F. EDWARDS and SUSAN M. CHEHARDY.
CHEHARDY, Judge.
On February 23, 1998, the Jefferson Parish District Attorney filed a bill of information, charging defendant, Gregory L. Mansion, with distribution of cocaine, a violation of La. R.S. 40:967 A. Defendant was arraigned on March 4, 1998, and plead not guilty. The bill of information was amended on April 30, 1998, to charge defendant with possession of cocaine between twenty-eight and two hundred grams, in violation of La. R.S. 40:967 F(1)(a). Also on April 30, 1998, defendant withdrew his original plea of not guilty, and entered a plea of guilty as charged. On May 7, 1998, the trial court sentenced defendant, in conformity with his plea agreement, to fifteen years at hard labor, with credit for time served. Defendant filed a motion for out-of-time appeal on July 10, 1998, and it was granted on the same day.
In his first assignment of error, defendant argues his conviction and sentence should be vacated because the trial court failed to inform him of the maximum sentence that could be imposed if convicted. The state concedes that the trial court failed to inform defendant of the possible maximum sentence, but argues that defendant was informed of the possible maximum sentence by his counsel. The state further argues that defendant is procedurally barred from raising this issue by La. C.Cr.P. art. 881.2(A)(2), which states that a "defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." While this article does restrict a defendant's right to seek review of a sentence imposed in conformity with a plea agreement, this article does not preclude a defendant's right to have his plea reviewed to determine whether the plea was knowing and voluntary.
In the case of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the United States Supreme Court recognized that a plea of guilty in a state criminal trial involves the waiver of certain constitutional rights, specifically the privilege against compulsory self-incrimination, the right to a trial by jury, and the right to confront one's accusers. Boykin held that there must be an affirmative showing that the plea was intelligent and voluntary.
*1214 La.C.Cr.P. art. 556.1 sets out the trial court's requirements for accepting a defendant's plea of guilty and provides in pertinent part:
A. In any criminal case, the court shall not accept a plea of guilty or nolo contendere, without first addressing the defendant personally in open court and informing him of, and determining that he understands, all of the following:
(1) The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law.
In the present case, while the trial court informed defendant at his April 30, 1998 Boykin hearing of his right to a trial by jury, his right to confront his accusers, and his right against self-incrimination, and defendant stated that he understood these rights and signed a waiver of rights form, the trial court did not inform defendant of his possible sentencing exposure if convicted after a trial.
In brief, defendant cites this Court's opinion in State v. Ledet, 97-363 (La.App. 5 Cir.10/28/97), 701 So.2d 1067, in which the trial court misstated the defendant's possible maximum sentence in a Boykin hearing prior to accepting his guilty plea. The Ledet Court therefore vacated defendant's conviction, finding that his guilty plea had not been knowingly and intelligently made.
This case is distinguishable from Ledet because defendant herein was not misinformed as to his possible maximum sentence, thereby giving rise to an allegation on appeal that his plea was not intelligently made. In this matter, defendant's claim is that he was not informed by the trial court of his possible maximum sentence. However, as stated by the Louisiana Supreme Court in State v. Halsell, 403 So.2d 688, 690 (La.1981), "[w]hile it is preferable for the trial judge to conduct a colloquy with the defendant to ascertain the validity of the plea, such a colloquy may not be indispensable, as long as the record contains some other affirmative showing to support the plea."
In the matter before us, it is clear from the transcript of the April 30, 1998 Boykin hearing that defendant had two prior drug possession convictions, and that pursuant to La. R.S. 15:529.1 A(1)(b)(ii), defendant faced a mandatory sentence of life imprisonment if convicted of the instant charge. At that hearing, defendant's trial counsel made the following statement on the record and in defendant's presence while requesting time to confer with defendant about a possible plea:
MR. SHEPARD:
Your Honor, I've spoken with the defendant on this matter. I've indicated to him that if he would tender a plea of guilty at this time that the Court would be inclined to sentence him to fifteen (15) years on this matter, and that if he was to go to trial and be found guilty that he would be sentenced to mandatory life in jail.
After this statement by counsel for defendant, the trial court took a brief recess to allow defendant and his attorney time to confer further with regards to a possible guilty plea. When the trial court went back in session, a Boykin colloquy took place between defendant and the trial judge, and defendant's "Waiver of Constitutional Rights, Plea of Guilty" form, which was signed by defendant, his attorney and the trial judge, was entered into the record, whereupon the trial judge accepted defendant's plea of guilty as being knowingly and voluntarily made.
Based on the foregoing, we find that defense counsel's statement on the record and in defendant's presence, that he advised defendant that he faced a mandatory life sentence if convicted of the instant charge, was sufficient to inform defendant of his sentencing exposure, and that, pursuant to La.C.Cr.P art. 556.1 and Boykin, supra, the trial court properly accepted defendant's guilty plea as being knowing and voluntary.
In defendant's final assignment of error, he argues that La.C.Cr.P. art. *1215 881.2(A)(2) is unconstitutional because it limits his constitutional right to appeal set out in Article 1, Section 19 of the Louisiana Constitution of 1974. Without addressing the merits of this argument, we note that defendant failed to follow the requirements for attacking the constitutionality of a statute.
In order to successfully challenge the constitutionality of a statute, the party attacking the statute must meet a threetiered burden. First, the plea of unconstitutionality must be raised in the trial court. Second, the plea of unconstitutionality must be specially pleaded. Finally, the grounds outlining the basis of unconstitutionality must be particularized. Williams v. State, 95-0713 (La.1/26/96), 671 So.2d 899. In the instant case, defendant did not raise the issue of unconstitutionality in the trial court, and is therefore precluded from raising the issue on appeal. Id.
Finally, pursuant to La.C.Cr.P. art. 920, the record was reviewed for errors patent, and none are noted. Therefore, for the foregoing reasons, defendant's conviction and sentence are hereby affirmed.
AFFIRMED.