| .EDWARDS, Judge.
Defendant/appellant Michael Brown appeals the judgment of the trial court finding him guilty of attempted aggravated arson in violation of R.S. 14:27:51. For the following reasons, we affirm.
On January 6, 1997, defendant was a guest at the home of Doretha Clay located at 6230 5411 Avenue in Marrero. Ms. Clay is the defendant’s aunt. At approximately 8:00 p.m. that evening, the defendant left Ms. Clay’s house and went to the house of a neighbor named Tyrone Brown. Approximately one half of an hour later, Ms. Clay was informed by a neighbor that the defendant was pouring gas around her house in an attempt to set it on fire. When Ms. Clay confronted the defendant, he cursed at her and told her that he was going to burn down her house. The defendant then threatened her life and the lives of her children. Tyrone Brown attempted to remove the lighter from the defendant’s grasp while Ms. Clay entered the house and called the police.
| ¡¡Deputies of the Jefferson Parish Sheriffs Office as well as members of the Mar-rero Fire Department arrived on the scene shortly after receiving the “911” call. The firefighters detected a very strong odor of gasoline around the house. The deputies found the blue cigarette lighter and a gas can outside of the house. They then arrested the defendant on charges of attempted arson.
On May 15, 1997, the case was tried before the Honorable Robert Pitre of the Twenty-Fourth Judicial District Court. A twelve-member jury was empaneled, and testimony and evidence was presented by the State. The defendant did not present any testimony or evidence on his own behalf. After due deliberation, the jury returned a verdict of guilty as charged to the crime of attempted aggravated arson in violation of LSA-R.S. 14:27:51. On May 16, 1997, the trial judge sentenced the defendant to five years at hard labor, with the first year to be served without benefit of probation, parole or suspension of sentence.
A multiple offender bill of information was filed by the State on October 3, 1997. A hearing was held before the trial judge *127 on February 27, 1998, at which time the court found the defendant to be a habitual offender based on his two prior felony convictions. The trial judge then vacated the original sentence and sentenced the defendant to life imprisonment at hard labor without benefit of probation, parole or suspension of sentence.
The defendant has appealed both his conviction and his sentence as a multiple offender. The matter is now before this Court for review.
LAW AND ANALYSIS
In the present case before the bar, appellate counsel has filed a brief following the procedure approved by the United States Supreme Court in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), reh. denied, 388 U.S. 924, 87 S.Ct. 2094, 18 L.Ed.2d 1377 (1967), discussed in State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990) and adopted in State v. Bradford, 95-929, 95-930 (La.App. 5th Cir. 6/25/96), 676 So.2d 1108. Applying the procedure outlined in Bradford, the Clerk of this Court sent a letter to the defendant informing him that he could file a supplemental brief, complying with Rule 2-12 of the Uniform Rules of Louisiana Courts of Appeal, by March 15, 1999. The defendant has not filed a supplemental brief. Appellate counsel sent the defendant a copy of the appellate brief, and advised defendant of his right to file a supplemental brief.
In State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241, the Supreme Court revisited the procedures outlined in State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990), and stated that “the brief filed by counsel must review not only the procedural history of the case and the evidence presented at trial but must also provide ... a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place.” See also State v. Mouton, 95-0981 (La.1995), 653 So.2d 1176.
In the appellate brief, counsel asserts that he has thoroughly reviewed the record and has not discovered any non-frivolous issues that arguably support an appeal. After an independent review of the record and of appellate counsel’s brief, we find that appellate counsel has adequately reviewed the procedural history of the case and the evidence presented at trial, and provided “a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place,” as required by the Louisiana Supreme Court in Jyles. See also State v. Mouton, supra. | sFurthermore, there do not appear to be any errors or issues which, if raised, would “arguably support an appeal.” State v. Haynes, 96-84, (La.App. 5th Cir. 6/25/96), 676 So.2d 1120, 1122. Therefore, it is the opinion of this Court that there are no non-frivolous issues on appeal and the judgment of the trial court must be affirmed.
The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5th Cir.1990); and State v. Godejohn, 425 So.2d 750 (La.1983).
LSA-C.Cr.P. art. 930.8 provides that a defendant has three years after his judgment of conviction and sentence becomes final within which to apply for post-conviction relief. Subpart C of the article requires that the trial court inform the defendant of the three year prescriptive period at the time of sentencing. The record reflects that the trial court in this case did not so inform defendant. Therefore, we hereby order the trial court to send written notice of the prescriptive period to defendant within ten (10) days of the rendering of this Court’s opinion, then file written proof in the record that defendant had received such notice. State v. Kershaw, 94-141 (La.App. 5th Cir. 9/14/94), 643 So.2d 1289, 1291.
*128 In summary, it is the opinion of this Court that there are no non-frivolous issues which support this appeal and the judgment of the trial court must be affirmed. There is one error patent in the record which must be corrected accordingly as stated above.
AFFIRMED AND REMANDED WITH INSTRUCTIONS.