848 So.2d 87 (2003)
STATE of Louisiana
v.
Ruben BELL.
No. 03-KA-217.
Court of Appeal of Louisiana, Fifth Circuit.
May 28, 2003.
*88 Bruce G. Whittaker, New Orleans, LA, for Appellant.
Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Appellate Counsel, Alan D. Alario, II, Counsel of Record on Appeal, Assistant District Attorneys, Gretna, LA, for Appellee.
Panel composed of Judges EDWARD A. DUFRESNE, JR., SOL GOTHARD and JAMES L. CANNELLA.
JAMES L. CANNELLA, Judge.
The Defendant, Ruben Bell, appeals from his conviction of possession of stolen things valued over $500 and his enhanced sentence to seven years imprisonment at hard labor. For the reasons which follow, we affirm the conviction and vacate the finding of the Defendant as a second felony offender and the enhanced sentence and remand.
On December 5, 1997, the Defendant was charged by bill of information with possession of stolen things valued over $500 in violation of La. R.S. 14:69.[1] He *89 pled not guilty and proceeded to trial on April 3, 2001.
At trial the following evidence was produced. On November 21, 1997, Valerie Jackson's (Jackson) 1995 white Chevrolet Baretta automobile was parked in the driveway behind her father's house. Around midnight, her father called and told her that her car had been stolen. Jackson reported the theft to the New Orleans Police Department.
At approximately 2:00 a.m. on November 22, 1997, Officer Chad Guidry was patrolling the Westbank Expressway at Lafayette Street when he observed a white Chevrolet Baretta traveling eastbound with cardboard over the rear right side vent window. Officer Guidry was suspicious because the rear vent window is the most common way to make entry into a vehicle to commit theft of the vehicle or to burglarize it. He followed behind the vehicle and ran a license plate check. The license plate "did not come back to anything whatsoever" and Officer Guidry stopped the vehicle.
The Defendant was driving the vehicle and Jones was riding as a front seat passenger. Officer Guidry ordered the occupants out of the vehicle and ran a check of the vehicle identification number (VIN). The VIN check revealed that the car had been stolen in New Orleans. Officer Guidry noticed the steering column around the ignition area was defeated and there was no key in the vehicle. He arrested both the Defendant and Jones.
Jackson was notified that her vehicle had been found. She came to the scene and identified the vehicle as hers. At trial, Jackson testified that she did not know the Defendant or Jones and had not given either one of them permission to drive her car.
The Defendant testified that Jones was driving the vehicle when he asked Jones for a ride. The Defendant stated that he had no knowledge that the vehicle was stolen. In fact, the Defendant testified that he asked Jones if the vehicle was "hot" and Jones denied it, showing the Defendant the keys. The Defendant then asked Jones to drive the vehicle, after which time he was stopped by the police.
Following trial, a unanimous six-person jury found the Defendant guilty as charged. The Defendant was sentenced to seven years imprisonment at hard labor.
Thereafter, the State filed a habitual offender bill of information alleging that the Defendant was a second felony offender based on his current conviction and a 1994 conviction for possession of stolen things valued over $500. The Defendant initially denied the allegations in the habitual offender bill of information. The matter proceeded to a habitual offender hearing where the Defendant admitted being a second felony offender. The trial court found that the Defendant was a second felony offender, vacated the Defendant's original sentence and imposed an enhanced sentence of seven years imprisonment at hard labor.[2] The Defendant appeals from his conviction and enhanced sentence. He asserts no errors relating to his conviction. Both assigned errors relate to the habitual offender proceedings and the enhanced sentence.

ASSIGNMENT OF ERROR NUMBER ONE
The Defendant contends that the trial court erred in accepting his admission *90 and stipulation to the habitual offender bill of information without a proper advisement of rights. He notes that the trial court did not conduct any type of colloquy advising him of his right to a hearing and his right to remain silent before accepting his stipulation as a second felony offender.
The State concedes that the trial court's failure to apprize the Defendant of his right to remain silent and the right to have the habitual offender bill of information proven against him before accepting his admission was reversible error.
La. R.S. 15:529.1(D)(1)(a) requires that the Defendant be advised of the specific allegations contained in the habitual offender bill of information and his right to a formal hearing at which the State must prove its case. Implicit in this requirement is the additional requirement that the Defendant be advised of his constitutional right to remain silent. State v. Johnson, 432 So.2d 815, 817 (La. 1983); State v. Walker, 01-348 (La.App. 5th Cir.8/28/01), 795 So.2d 459, 463, writ denied, 01-2788 (La.10/4/02), 826 So.2d 1115. Generally, the failure of the trial court to advise the Defendant of his right to a hearing and his right to remain silent is not considered reversible error where the Defendant's habitual offender status is established by competent evidence offered by the State at a hearing rather than by admission of the Defendant. State v. Knight, 01-881 (La.App. 5th Cir.2/13/02), 811 So.2d 947, 949. However, when the guilt of the Defendant is proven by his own stipulation or admission to the habitual offender bill of information without having been informed of his right to a hearing or his right to remain silent, by either the trial court or his attorney, there is reversible error. Id.
In this case, the record indicates, and the State concedes, that there was no proof introduced of the Defendant's identity to the alleged predicate offense. The only evidence of that essential element was the Defendant's own admission. The admission by the Defendant without prior advisement of his rights requires reversal of the habitual offender finding. Therefore, we vacate the trial court's habitual offender finding and sentence and remand the case to the district court for further proceedings.

ASSIGNMENT OF ERROR NUMBER TWO
The Defendant contends that the seven year enhanced sentence for a non-violent property crime imposed by the trial court is excessive. Because of our ruling in assignment of error number one, vacating the sentence and remanding for re-sentencing, we find that this assignment of error is moot.

ASSIGNMENT OF ERROR NUMBER THREE
The Defendant requests that the record be reviewed for errors patent. The record was reviewed in accord with La. C.Cr.P. art. 920. State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5th Cir.1990). We note that the commitment is inconsistent with the transcript regarding the crime of which the Defendant was convicted. Both the original commitment and the habitual offender commitment indicate that the Defendant was found guilty of receiving stolen things valued over $100. However, the transcript shows that the Defendant was convicted of possession of stolen things valued over $500. Where there is a discrepancy between the transcript and the minute entry, the transcript prevails. State v. Lynch, 441 So.2d 732, 734 (La.1983). The error in the commitments is a clerical one. Since a clerical error does not cause prejudice to a defendant's rights, such error does not merit reversal. State v. Gilmore, *91 522 So.2d 658, 661 (La.App. 5th Cir.1988). Nevertheless, the error should be corrected. Therefore, we order the trial court to correct the original commitment to insure an accurate record. Because of our ruling in assignment of error number one, vacating the sentence and remanding for resentencing, any errors in the habitual offender commitment are moot.
Accordingly, for the reasons state above, the Defendant's conviction for possession of stolen things valued over $500 is affirmed. The trial court finding that the Defendant is a second felony offender and enhanced sentence are vacated and the case is remand for resentencing and further proceedings consistent with this opinion.
CONVICTION AFFIRMED; HABITUAL OFFENDER FINDING AND ENHANCED SENTENCE VACATED; CASE REMANDED.
NOTES
[1] Co-defendant, Willis Jones (Jones), was also charged in the bill of information with possession of a stolen things valued over $500 and possession of cocaine. The parties were severed for trial and Jones subsequently pled guilty.
[2] Defendant's enhanced sentence was imposed without restriction in violation of La. R.S. 15:529.1(G), which requires an enhanced sentence under the habitual offender laws to be imposed without the benefit of probation or suspension of sentence. However, under La. R.S. 15:301.1(A) and the rationale in State v. Williams, 00-1725 (La.11/28/01), 800 So.2d 790, the restrictive provision of La. R.S. 15:529.1(G) is self-activating.