861 So.2d 283 (2003)
STATE of Louisiana
v.
John D. PEARSON.
No. 2003-KA-652.
Court of Appeal of Louisiana, Fifth Circuit.
December 9, 2003.
Rehearing Denied January 9, 2004.
*285 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Assistant District Attorney, Gretna, LA, Counsel for State.
Jane L. Beebe, Gretna, LA, Counsel for defendant-appellant.
John D. Pearson, St. Gabrial, LA, In proper person.
Panel composed of Judges SOL GOTHARD, JAMES L. CANNELLA and CLARENCE E. McMANUS.
CLARENCE E. McMANUS, Judge.
Defendant, John Pearson, was charged in a bill of information on September 15, 2000 with possession of cocaine in violation of LSA-R.S. 40:967(C). Defendant initially pled not guilty but later pled guilty in connection with a plea agreement. On November 3, 2000, defendant was sentenced to five years at hard labor in accordance with the plea agreement. His sentence was deferred until November 17, 2000 at which time a multiple bill hearing was scheduled.
As part of the plea agreement, the State agreed to multiple bill defendant as a third felony offender and the court agreed to impose the same five-year sentence on enhancement. However, it was agreed that, in the event defendant failed to appear on November 17, 2000, the State would multiple bill him as a fourth felony offender and there would be no guarantee as to his enhanced sentence. Defendant failed to appear on November 17, 2000 and an attachment was issued for his arrest.
Defendant appeared in court one year later on November 16, 2001. On that date, the State filed a multiple offender bill of information alleging defendant to be a third felony offender despite the earlier agreement. The State based the multiple bill on defendant's 1990 conviction for possession of cocaine and 1995 conviction for theft. Defendant stipulated to the multiple bill and the trial court found him to be a third felony offender after engaging in a plea colloquy concerning his rights. Defendant's original sentence was *286 vacated and he was resentenced as a multiple offender to seven years at hard labor.
Defendant was granted an out-of-time appeal on April 13, 2003.

FACTS
Defendant entered a guilty plea to the charged offense of possession of cocaine and, therefore, little is known about the facts and circumstances of the offense. The bill of information alleges the offense occurred on August 28, 2000. During the plea colloquy, the State asserted it would prove that on that date defendant was the driver of an automobile stopped for a possible hand-to-hand transaction. After defendant exited the car, two rocks of cocaine were seen in plain view in the driver's seat where defendant was sitting.
On appeal, defendant's appellate counsel filed a brief pursuant to the procedure approved by the United States Supreme Court in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), discussed in State v. Benjamin, 573 So.2d 528 (La.App. 4 Cir.1990), approved by State v. Mouton, 95-0981 (La.4/28/95), 653 So.2d 1176, and adopted by this Court in State v. Bradford, 95-929, 95-930 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108. Specifically, counsel asserts she cannot find any non-frivolous issues to raise on appeal and seeks to withdraw as defense counsel. In accordance with State v. Bradford, supra, this Court sent defendant a certified letter advising him that his appellate counsel found no non-frivolous issues for appeal and gave defendant an opportunity to file a supplemental brief. Defendant has responded by filing a supplemental brief.
In State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241, 242, the Louisiana Supreme Court revisited the Anders procedures outlined in State v. Benjamin, supra, and adopted by this Court in State v. Bradford, supra, and stated that the brief filed by defense counsel "must review not only the procedural history of the case and the evidence presented at trial but must also provide ... a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place." Defense counsel is required to "cast an advocate's eye over the trial record and consider whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." Jyles, supra at 242.
In her appellate brief, defense counsel notes she reviewed the procedural history of the case and noted there were no pre-trial rulings. In her brief, she addressed and dismissed as a possible issue the excessiveness of defendant's sentence. She further noted that she found no errors patent. Defense counsel has satisfied the requirements of Jyles in that her brief adequately reviews the procedural history of the case and the transcripts of the various hearings, and provides a detailed assessment of whether the appeal is worth pursuing.
When an Anders brief is filed, the appellate court must independently review 1) the bill of information or indictment to insure the defendant was properly charged; 2) all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; 3) all pleadings in the record; and 4) all transcripts to determine if any ruling provides an arguable basis for appeal. State v. Bradford, 676 So.2d at 1110-1111.
In the instant case, the record reveals defendant was properly charged in the bills of information and was present at *287 all crucial stages of the proceedings. He was properly advised of his rights before he waived them and pled guilty to the underlying offense and stipulated to the multiple bill. Additionally, the enhanced sentence imposed by the trial court is legal as authorized by LSA-R.S. 15:529.1(A)(1)(b)(i). Accordingly there are no errors or issues, which if raised, would "arguably support an appeal." State v. Haynes, 96-84 (La.App. 5 Cir. 6/25/96), 676 So.2d 1120, 1122. We therefore grant defense counsel's Motion to Withdraw.
Defendant raises several issues in his supplemental brief. A discussion of defendant's claims and an errors patent review follow.

PRO SE ASSIGNMENT OF ERROR NUMBERS ONE AND TWO
By his first two assignments of error, defendant argues his guilty plea on the instant offense of possession of cocaine is defective because the trial court failed to ascertain whether his plea was knowing and intelligent. He asserts the trial court did not make an independent determination of whether he was informed of and understood his rights before he waived them. He further claims there was no showing he was advised of and waived his rights.
A guilty plea is not valid unless the defendant voluntarily and intelligently relinquishes his known rights. Before accepting a guilty plea, the trial court must make an "independent determination of whether the defendant's plea is made knowingly and intelligently through a colloquy wherein the defendant is questioned about his decision and the constitutional rights he is waiving." State v. Montalban, 00-2739 (La.2/26/02), 810 So.2d 1106, 1109, cert. denied, 537 U.S. 887, 123 S.Ct. 132, 154 L.Ed.2d 148 (10/7/02).
For a guilty plea to be valid, there must be a showing that the defendant was informed of and waived his constitutionally guaranteed right to trial by jury, right of confrontation, and right against self-incrimination. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State v. Montalban, supra. The Louisiana Supreme Court has stated, "[W]hile an understanding of the triad of rights may be the sine qua non for the acceptance of a guilty plea, it is also true that other factors may have a bearing on the validity of the plea. A mere recitation of rights does not always insure the intelligent and voluntary nature of the plea." State v. Halsell, 403 So.2d 688, 690 (La.1981).
In the present case, the guilty plea transcript indicates a thorough colloquy. The colloquy between the trial court and defendant reveals defendant was 41 years old at the time he entered the plea and had 12 years of schooling. The trial court confirmed that defendant's attorney had advised defendant of his right to a trial by jury, right to confrontation and right against self-incrimination and that defendant told his attorney he understood these rights and wished to waive his rights. The trial court inquired whether defendant had been forced, intimidated, coerced or induced to plead guilty to which defendant replied, "none whatsoever." The trial court then again advised defendant of his right to a trial by judge or jury and right to confrontation. The trial court did not again specifically advise defendant of his right against self-incrimination but went on to advise defendant of his right to an attorney at trial and on appeal and his right to an appointed attorney if he was indigent. The trial court further advised defendant of the maximum sentence and reviewed the details of the plea agreement with regard to the sentence defendant would receive.
*288 Throughout the colloquy, the trial court asked defendant if he understood his rights and the fact that he was giving them up by pleading guilty to which defendant consistently responded, "Yes, sir." The trial court also specifically inquired into the waiver of rights form executed by defendant. Defendant acknowledged that he had read and signed the form, which specifically advised defendant of his three Boykin rights. At the conclusion of the colloquy, the trial court stated it found defendant made a "knowing, intelligent, free and voluntary" guilty plea.
Accordingly, the record sufficiently shows defendant was advised of his rights and made a knowing and intelligent wavier of his rights. These assignments of error are without merit.

PRO SE ASSIGNMENT OF ERROR NUMBERS THREE AND FOUR
Defendant argues the State improperly used the same evidence, which had previously been used in another enhancement proceeding, to prove his multiple offender status and enhance his sentence. Specifically, defendant contends his first predicate conviction, possession of cocaine, was used to enhance his second predicate conviction, theft. Therefore, he claims the State could not, under the theory of double enhancement, use the predicate conviction for possession of cocaine again to enhance his current conviction.
Defendant asserts his 1990 predicate conviction for possession of cocaine was used to enhance his 1995 predicate conviction for theft; however, nothing in the record supports defendant's assertion. Furthermore, there is no prohibition against using the same conviction multiple times in separate multiple offender proceedings to sequentially establish defendant's multiple offender status and enhance defendant's sentence as to the new crime. See, State v. Brooks, 99-478 (La. App. 3 Cir. 12/8/99), 756 So.2d 336, 342-343, writ denied, 00-1492 (La.5/25/01), 792 So.2d 750.
Defendant also contends that his enhanced sentence is illegal and unconstitutional because it exceeds the maximum sentence allowable for his underlying conviction for possession of cocaine. As a third felony offender, defendant faced a maximum sentencing exposure of ten years imprisonment. LSA-R.S. 15:529.1; 40:967(C). However, defendant received a sentence of seven years imprisonment, well within the sentencing provisions contained in LSA-R.S. 15:529.1.
Accordingly, these assignments of error are without merit.

PRO SE ASSIGNMENT OF ERROR NUMBER FIVE
Defendant alleges his plea to the multiple bill is invalid because he was not advised of "his right to be tried as to the truth thereof" in connection with the multiple bill as required by LSA-R.S. 15:529.1.
Once a multiple offender bill of information had been filed, LSA-R.S. 15:529.1(D)(1)(a) requires that, "the court... shall cause the person, whether confined in prison or otherwise, to be brought before it and shall inform him of the allegations contained in the information and of his right to be tried as to the truth thereof according to law and shall require the offender to say whether the allegations are true." This statute has been interpreted to require that a defendant be advised of the specific allegations contained in the habitual offender bill of information and his right to a formal hearing at which the State must prove its case. Also, implicit in this requirement is the additional requirement that defendant be advised of his constitutional right to remain silent. State v. Johnson, 432 So.2d 815, 817 (La.1983); *289 State v. Bell, 03-217 (La.App. 5 Cir. 5/28/03), 848 So.2d 87, 90.
Generally, the failure of the trial court to advise the defendant of his right to a hearing and his right to remain silent is not considered reversible error where the defendant's habitual offender status is established by competent evidence offered by the State at a hearing rather than by admission of the defendant. State v. Bell, supra. However, when the guilt of the defendant is proven by his own stipulation or admission to the habitual offender bill of information without having been informed of his right to a hearing or his right to remain silent, by either the trial court or his attorney, there is reversible error. Id.
At the multiple bill hearing, defense counsel advised that defendant wished to stipulate to the allegations contained in the multiple bill. Thereafter, the trial court entered into a colloquy with defendant. The trial court advised defendant of his right to remain silent and his "right to a hearing at which the State has the burden of proving their allegations against you." The trial court asked defendant if he understood that he was giving up these rights by pleading guilty to which defendant responded, "Yes, sir." The trial court then reviewed the allegations of the multiple bill including the predicate convictions upon which the multiple bill was based.
The record shows the trial court fully complied with the requirements of LSA-R.S. 15:529.1(D)(1)(a) prior to accepting defendant's stipulation or plea to the multiple bill. The mere fact the trial court did not use the same exact words of the statute in advising defendant of his right to a hearing is inconsequential. The trial court advised him of his right to a hearing and defendant expressly waived the right. This assignment of error is without merit.

PRO SE ASSIGNMENT OF ERROR NUMBERS SIX AND SEVEN
By these assignments of error, defendant essentially argues the multiple offender statute is unconstitutional because it denies him of a right to a jury trial which is guaranteed by Article I, § 17 of the 1974 Constitution. He contends because the statute subjects him to punishment at hard labor, he is entitled to a jury trial.
In order to successfully challenge the constitutionality of a statute, the party attacking the statute must meet a three-tiered burden. First, the plea of unconstitutionality must be raised in the trial court. Second, the plea of unconstitutionality must be specially pleaded. Finally, the grounds outlining the basis of unconstitutionality must be particularized. State v. Mansion, 98-992 (La.App. 5 Cir. 4/27/99), 733 So.2d 1212, 1215, writ denied, 99-1545 (La.11/5/99), 751 So.2d 231; State v. Riche, 608 So.2d 639, 640 (La.App. 5 Cir.1992), writ denied, 613 So.2d 972 (La. 1993). In the instant case, defendant did not raise the issue of unconstitutionality in the trial court and, therefore, he is precluded from raising the issue on appeal.
Additionally, the record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). The review reveals no errors patent in this case.
CONVICTION AND SENTENCE AFFIRMED; MOTION TO WITHDRAW GRANTED.