894 So.2d 528 (2005)
STATE of Louisiana
v.
Carl PAYNE.
No. 04-KA-1084.
Court of Appeal of Louisiana, Fifth Circuit.
January 25, 2005.
*529 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Thomas J. Butler, Vincent Paciera, Jr., Assistant District Attorneys, Gretna, Louisiana, for Plaintiff/Appellee.
Christopher A. Aberle, Mandeville, Louisiana, for Defendant/Appellant.
Panel composed of Judges JAMES L. CANNELLA, THOMAS F. DALEY and CLARENCE E. McMANUS.
CLARENCE E. McMANUS, Judge.
Defendant, Carl Payne, was charged with possession of cocaine, LSA-R.S. 40:967(C). After the denial of his motion to suppress, defendant went to trial by *530 judge and was found guilty as charged. The trial judge sentenced defendant to two years of imprisonment at hard labor. Thereafter, the State filed a habitual offender bill of information, alleging defendant to be a second felony offender. After, defendant admitted to the allegations in the habitual offender bill, the court found him to be a second felony offender. The court vacated the original sentence and, in accordance with a plea agreement, imposed an enhanced sentence of seven years at hard labor. Defendant appeals, alleging that the trial court erred in denying his motion to suppress the evidence.
The evidence at trial established that at 11:38 p.m. on October 4, 2001, Jefferson Parish Sheriff's Deputies Harold Bourgeois and Jason Kron were on routine patrol in the 6600 block of the Westbank Expressway. Bourgeois testified that he saw defendant, Carl Payne, standing with another man next to a liquor store. Defendant was injecting himself in the arm with a hypodermic needle. Believing defendant was using illegal narcotics, the officers approached in their police unit. When defendant saw the officers, he threw the syringe on the ground and began to walk away.
Bourgeois testified that he recovered the syringe while Kron stopped defendant. Defendant struggled with Kron, and Bourgeois assisted in restraining him and placing him in handcuffs. Kron testified that defendant was arrested for possession of drug paraphernalia. The officers performed a search incident to arrest, and recovered a syringe cap and a clear plastic bag containing an off-white, rock-like substance from defendant's pants pocket. Bourgeois testified that the cap contained small particles of what appeared to be crack cocaine.
Thomas Angelica, a forensic scientist with the Jefferson Parish Sheriff's Office, was accepted by the court as an expert in the analysis of narcotics. Angelica testified that he tested the off-white material and the cap recovered from defendant's pocket, as well as the hypodermic syringe. The off-white material and the cap were positive for cocaine. The hypodermic syringe tested negative.
In this appeal, the defendant argues that the trial court erred in denying the motion to suppress. Defendant concedes that the suppression hearing evidence showed the officers had probable cause to arrest him and to conduct a search incident to arrest. Defendant, nevertheless, complains that the trial court erred in denying his motion to suppress the evidence, as his testimony and the physical evidence at trial ultimately showed he was not injecting himself when the officers happened upon him. Given those factors, defendant argues, the officers lacked probable cause for arrest, and any evidence seized pursuant to the invalid arrest was suppressible.
The State has the burden, in a hearing on a motion to suppress evidence, of establishing the admissibility of evidence seized without a warrant. La.C.Cr.P. art. 703(D). The trial court's denial of a motion to suppress is afforded great weight and will not be set aside unless the preponderance of the evidence clearly favors suppression. State v. Butler, 01-0907, p. 6 (La.App. 5 Cir. 2/13/02), 812 So.2d 120, 124. In determining whether the trial court's ruling on a defendant's motion to suppress is correct, the appellate court is not limited to the evidence adduced at the suppression hearing; it may also consider the evidence presented at trial. Butler, 01-907 at p. 7, 812 So.2d at 124.
The Fourth Amendment to the United States Constitution and Article I, *531 § V of the Louisiana Constitution protect individuals from unreasonable searches and seizures. A search made without a warrant issued on probable cause is considered unreasonable unless said search can be justified by one of the narrowly drawn exceptions to the warrant requirement. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). One such exception is a search incident to a lawful arrest. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); State v. Tatum, 466 So.2d 29, 31 (La.1985). In a search incident to arrest, the officer may search the suspect's person and the area within his immediate control in order to remove weapons and prevent evidence from being destroyed. State v. Andrishok, 434 So.2d 389, 391 (La.1983); State v. Fisher, 03-326, pp. 10-11 (La.App. 5 Cir. 7/29/03), 852 So.2d 1075, 1081, writ denied, 03-2545 (La.5/14/04), 872 So.2d 510. An arrest is lawful when it is based on probable cause. State v. Raheem, 464 So.2d 293, 296 (La.1985); State v. Davis, 02-1008, p. 9 (La.App. 5 Cir. 2/25/03), 841 So.2d 952, 960, writ denied, 03-0948 (La.11/7/03), 857 So.2d 516.
Probable cause to arrest exists when the facts and circumstances, either personally known to the arresting officer or of which he has reasonable and trustworthy information, are sufficient to justify a man of ordinary caution in believing that the person to be arrested has committed a crime. State v. Fisher, 97-1133, p. 7 (La.9/9/98), 720 So.2d 1179, 1184. The standard for assessing probable cause is an objective one that must withstand the "`detached, neutral scrutiny of a judge.' "Fisher, 97-1133 at p. 8, 720 So.2d at 1184 (quoting State v. Flowers, 441 So.2d 707, 712 (La.1983)). The determination of probable cause must take into account the "practical considerations of everyday life on which . . . average police officers can be expected to act." State v. Raheem, 464 So.2d at 296.
At the suppression hearing, Deputy Bourgeois testified that he and his partner were on routine patrol when they saw defendant standing next to a liquor store known for the high volume of drug activity that took place there. Bourgeois noted that the sheriff's office had received numerous complaints about the drug trafficking from neighborhood residents. The officer had personally handled ten to fifteen drug arrests at that location in the preceding year.
The officers' testimony at trial was substantially the same as Bourgeois' motion hearing testimony. Bourgeois and Kron both testified that they entered the store's parking lot and saw defendant injecting himself with a hypodermic syringe. That, added to the late hour, defendant's nervous demeanor upon seeing the officers, the officers' knowledge of that location, and their law enforcement experience, told them that defendant was likely using elicit drugs. The officers clearly had probable cause to arrest defendant for possession of drug paraphernalia, i.e., the hypodermic syringe. The officers were then entitled to search defendant incident to the lawful arrest. The cocaine was the product of that search.
Defendant testified on his own behalf at trial. He denied that he was injecting himself when the officers approached. He further testified that the officers did not find anything in his pants pocket after he was arrested. Defendant refers to the testimony of Thomas Angelica, who stated on cross-examination that the hypodermic syringe showed no signs of cocaine or blood residue. Defendant argues that the apparent absence of those substances supports his assertion that he never used the syringe, and that the officers did not have *532 probable cause for the arrest and subsequent search. Nevertheless, the officers testified that the defendant had the needle in his hand, and that the cap to a needle was found in the defendant's pocket. Thomas Angelica testified that the needle cap tested positive for cocaine.
Presented with conflicting testimony, the trial judge was called upon to determine which testimony was more credible. The judge determined that the officers' credibility was greater than defendant's. This Court cannot assess the credibility of witnesses or re-evaluate evidence on appeal. State v. Favorite, 03-425, p. 9 (La.App. 5 Cir. 11/25/03), 862 So.2d 208, 214, writ denied, 03-3529 (La.4/23/04), 870 So.2d 298.
We find that the trial court did not err in denying defendant's motion to suppress the evidence.
We have reviewed the record for errors patent, and find the following error. La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990).
La. R.S. 15:529.1(D)(1)(a) requires that a defendant be advised of the specific allegations contained in the habitual offender bill of information and his right to a formal hearing at which the State must prove its case. Implicit in this requirement is the additional requirement that the court advise the defendant of his right to remain silent. If the defendant admits to the allegations in the habitual offender bill without having been informed of his right to a hearing and his right to remain silent by either the trial court or his attorney, there is reversible error. State v. Bell, 03-217, pp. 4-5 (La.App. 5 Cir. 5/28/03), 848 So.2d 87, 90.
The transcript of the habitual offender proceeding shows that the trial court failed to specifically advise defendant of his right to a hearing and his right to remain silent before accepting his admission to the State's allegations. Defendant indicated his attorney had advised him of his right to a hearing, but there is nothing in the transcript to show that defendant was advised of his right to remain silent.
Accordingly, we vacate the defendant's habitual offender finding and sentence, and we remand this matter for further proceedings.
CONVICTION AFFIRMED; HABITUAL OFFENDER FINDING AND ENHANCED SENTENCE VACATED; CASE REMANDED.