838 So.2d 30 (2002)
STATE of Louisiana
v.
Jeffrey D. HEBERT
No. 02-KA-884.
Court of Appeal of Louisiana, Fifth Circuit.
December 30, 2002.
*31 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Thomas J. Butler, Assistant District Attorneys, Appellate Counsel, William C. Credo, III, Assistant District Attorney, Trial Counsel, Gretna, for Appellee, State of Louisiana.
Gwendolyn K. Brown, Louisiana Appellate Project, Baton Rouge, for Appellant, Jeffrey D. Hebert.
Panel composed of Judges EDWARD A. DUFRESNE, JR., SUSAN M. CHEHARDY and WALTER J. ROTHSCHILD.
SUSAN M. CHEHARDY, Judge.
On April 27, 2001, the Jefferson Parish District Attorney filed a bill of information charging defendant, Jeffrey D. Hebert, with second offense possession of marijuana on or about April 6, 2001, in violation of LSA-R.S. 40:966(C). Defendant was arraigned on May 21, 2001 and pled not guilty. On July 9, 2001, defendant filed a motion to quash the bill of information alleging the predicate conviction was defective, which the trial court denied on May 13, 2002.
On May 15, 2002, defendant withdrew his plea of not guilty and entered a plea of guilty under Crosby, reserving his right to appeal the trial courts denial of his motion to quash.[1] That same date, defendant also signed a waiver of rights form. The trial court sentenced defendant to imprisonment at hard labor for two years, suspended, and placed defendant on active probation for two years. The trial court also ordered defendant to pay a fine of $500, court costs and a Commissioner's fee. Defendant filed a motion for appeal that day, which was also granted.
On appeal, defendant assigns two errors: the trial court erred by accepting his guilty plea without first advising him of his right to remain silent and, absent compliance with the requirements of Boykin, the trial court erred by finding that Mr. Heberts plea was knowing, intelligent and voluntary. Specifically, he claims the trial court failed to advise him of his right against self-incrimination as required by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and LSA-C.Cr.P. art. 556.1.
Interestingly, defendant does not challenge the denial of his motion to quash the bill of information. Here, he challenges his guilty plea to the instant offense, second offense possession of marijuana. While defendant did not move to withdraw his plea in the district court, we *32 will address his allegations since a constitutionally infirm guilty plea may be set aside either by means of an appeal or post-conviction relief, even when a formal motion to withdraw a guilty plea is not filed. State v. West, 97-1638, pp. 2-3 (La.App. 1 Cir. 5/15/98), 713 So.2d 693, 695.
A guilty plea will not be considered valid unless the plea was a free and voluntary choice on the part of the defendant. State v. Nuccio, 454 So.2d 93 (La. 1984). Under Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the decision to plead guilty will not be considered to be free and voluntary unless, at the very least, the defendant was advised of his constitutional rights against self-incrimination, to a trial by jury, and to confront his accusers. There also must be an express and knowing waiver of those rights, State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971), and the waiver must be on the record, which must unequivocally show that the waiver was free and voluntary. State v. Nuccio, supra. While it is preferable for the trial judge to conduct a colloquy to ascertain the validity of the plea, such a colloquy may not be indispensable, as long as the record contains some other affirmative showing to support the plea. State v. Halsell, 403 So.2d 688 (La.1981); State v. Nuccio, supra.
In State v. Dunn, 390 So.2d 525 (La. 1980), the Louisiana Supreme Court determined that a "plea of guilty form" may be considered in determining whether the defendant was adequately "informed" of his rights.[2] In Dunn, the trial judge failed to specifically refer to defendant's privilege against self-incrimination, but the representations contained in a plea form initialed and signed by defendant were considered. The trial judge had questioned defendant about his understanding of the plea of guilty form, which contained an express waiver of his privilege against self-incrimination. The supreme court held that these facts supported a "sufficient affirmative showing in the record of an express and knowing waiver of defendant's privilege against self-incrimination." State v. Dunn, supra, at 527.
In the instant case, the transcript shows that, on May 15, 2002, defendant withdrew his plea of not guilty and entered a plea of guilty to second offense possession of marijuana under Crosby, reserving his right to appeal the trial courts denial of his motion to quash. During the Boykin colloquy, the trial judge inquired as to defendants age and educational background. The trial judge explained the nature of the charge of second offense possession of marijuana, and that the maximum sentence defendant could receive would be five years at hard labor.
During the colloquy, the trial judge told defendant that no one could force him to plead guilty. He asked defendant whether his attorney had advised him that, if defendants plea was accepted, defendants sentence would be two years at hard labor, suspended, and two years active probation, a fine of $500, court costs and commissioners fees. Defendant responded his attorney had explained that to him and he understood.
Further, the trial judge advised defendant that he had the right to a jury trial, *33 the right to hire an attorney of his choice, and that if he could not afford an attorney one would be appointed for him at no cost to him. Defendant was also advised by the trial judge that he had the right to confront his accusers. The trial judge told defendant that if the court accepted his plea, he did not have the right to assert any allegations or defects such as an illegal arrest, an illegal search and seizure, an illegal confession or an illegal line-up.
Moreover, defendant was advised by the trial judge that he had the right to waive a trial by jury and be tried by the court alone, and that this conviction could be used to enhance a sentence in the event of a subsequent conviction. The trial judge asked defendant if he understood that by pleading guilty, he was waiving all of these rights, and defendant answered affirmatively. The trial judge asked defendant if he and his attorney had reviewed the conditions of probation form, and whether defendant understood what was contained in the form. Defendant again answered affirmatively.
Following the colloquy, the trial judge accepted defendants plea. The record contains defendants acknowledgment of constitutional rights and waiver of right on entry of plea of guilty form. The introductory paragraph of that form reads as follows:
Your attorney has indicated to me that he/she advised you of your rights (1) to a trial by jury or by the Court alone, (2) to confront your accusers, and (3) of your right against self-incrimination, and that by entering a plea of guilty, you are waiving or giving up these rights. He/ she has also indicated to me that you have advised him/her that you understand these things. Is that correct?
While defendant did not place his initials next to that introductory paragraph, he did place his initials next to the questions asked on the remainder of the form. On May 15, 2002, the form was signed at the bottom by defendant, defendants attorney, and the trial judge and filed into the record. Further, defendant's attorney attested that:

I, also, have informed the defendant of his or her rights, particularly the nature of the crime to which he or she is pleading guilty, the maximum sentence the Court could impose under the law, and the fact that the defendant, by entering this plea of guilty is waiving his or her right to a trial by jury or by the Court alone, his or her right to confront his/her accusers, his or her right against self-incrimination, and lastly, that his or her only appeal is for review of jurisdictional defects; and I am entirely satisfied that the defendant knowingly, willingly, intelligently and voluntarily has entered this plea of guilty, knowing the consequences. (Emphasis added).
Furthermore, the paragraph above defendants signature reads as follows:

I, as the defendant in this case, acknowledge that the foregoing has been read to me, that my attorney and the trial judge have explained the nature of the crime to which I am pleading guilty, all of my rights to me, and what rights I am waiving or giving up, as listed above, and that anything I do not understand and about all of the consequences regarding my plea of guilty. I am completely satisfied with the explanations of my attorney and the judge.

I, further acknowledge that my act of pleading guilty is a knowing, intelligent, free and voluntary act on my part. I know that no one can force me to plead guilty. I know that by pleading guilty I admit I committed the said crime. I know this plea of guilty is more than a confession. It is also a conviction. Nothing remains except for the judge to *34 give judgment and give me my punishment. I waive all delays for sentencing and acknowledge I am ready for sentencing. (Emphasis added).
Although the transcript of the Boykin colloquy reveals that the trial judge did not specifically advise defendant of his right against self-incrimination, the transcript, nonetheless, shows that the trial judge thoroughly reviewed the entire guilty plea form with defendant before accepting his plea.[3]
Based on the foregoing, we find that defendants plea colloquy along with the well-executed waiver of rights form constitutes a sufficient affirmative showing on the record that defendant knowingly waived his privilege against self-incrimination. See State v. Tucker, 405 So.2d 506, 508-509 (La.1981). Cf. State v. Dejean, 94-459 (La.App. 5 Cir. 11/28/95), 694 So.2d 284, 287 (waiver of rights form without contemporaneous record of the proceedings insufficient to show knowing and voluntary waiver of defendant's constitutional rights).
Finally, we have reviewed the record for errors patent, according to LSA-C.Cr.P. art. 920. We have found an error patent which requires remand. After imposing defendant's sentence, the trial judge incorrectly advised defendant he had two years from todays date to seek post-conviction relief. La.C.Cr.P. art. 930.8 provides that a defendant has two years from the day the judgment becomes final in which to file an application for post-conviction relief. We, therefore, remand the matter for the district court to inform the defendant of the provisions of La. C.Cr.P. art. 930.8 by sending appropriate written notice to the defendant within ten days of the rendition of this Court's opinion and to file written proof that defendant received the notice in the record.
Accordingly, the defendant's conviction and sentence are affirmed. The case is remanded with instructions to the trial court to send written notice to defendant of the provisions of La.C.Cr.P. art. 930.8.
CONVICTION AND SENTENCE AFFIRMED; REMANDED WITH INSTRUCTIONS.
NOTES
[1] State v. Crosby, 338 So.2d 584 (La.1976).
[2] In Dunn, the supreme court noted that, "The direct, three-right colloquy between the trial judge and defendant is preferable and should be encouraged ... [and] the continued use of printed "waiver of rights" forms is to be discouraged because `there is a potential for abuse of the accused's constitutional rights.'" However, the use of printed "waiver of rights" forms was not prohibited. Further, their limited use is beneficial to defendants, lawyers, and judges.
[3] The minute entry indicates otherwise. When there is a discrepancy between the minutes and the transcript, the transcript usually prevails. State v. Lynch, 441 So.2d 732, 734 (La.1983).