| .SOL GOTHARD, Judge.
In this criminal matter defendant, Brandon Stevenson, appeals his conviction and sentence on a charge of being a second felony offender. For reasons that follow, we affirm the conviction and sentence, and remand the matter.
After a conviction by a jury on a charge of armed robbery, defendant was charged by bill of information with being a multiple *812 offender. After a hearing on the allegation, the trial court found defendant to be a second felony offender and sentenced him to 198 years imprisonment at hard labor without benefit of parole, probation or suspension of sentence pursuant to La. R.S. 15:529.1. Defendant moved for and was granted a timely appeal.
In brief to this Court, defendant assigns two errors. In the first he argues that the evidence used against him in the hearing on the multiple bill was insufficient to support his adjudication - as a second felony offender. Specifically, defendant maintains that the State failed to produce any documentary evidence of a predicate conviction, and it failed to show that defendant was the individual who committed the predicate felony. Further, defendant asserts there is nothing in the record to show that the trial court specified which of the two alleged prior felonies it relied upon in its finding that he is a second felony offender.
IsiLa. R.S. 15:529.1(D)(b) provides that:
Except as otherwise provided in this Subsection, the district attorney shall have the burden of proof beyond a reasonable doubt on any issue of fact. The presumption of regularity of judgment shall be sufficient to meet the original burden of proof. If the person claims that any conviction or adjudication of delinquency alleged is invalid, he shall file a written response to the information. A copy of the response shall be served upon the prosecutor. A person claiming that a conviction or adjudication of delinquency alleged in the information was obtained in violation of the Constitutions of Louisiana or of the United States shall set forth his claim, and the factual basis therefor, with particularity in his response to the information. The person shall have the burden of proof, by a preponderance of the evidence, on any issue of fact raised by the response. Any challenge to a previous conviction or adjudication of delinquency which is not made before sentence is imposed may not thereafter be raised to attack the sentence.
(Emphasis added)
We note that defendant did not file a written response challenging the validity of prior guilty plea as provided by La. R.S. 15:529.1(D)(b), nor did he raise these issues at the habitual offender hearing. Therefore, defendant has not preserved these issues for review and is precluded from presenting them to this Court on appeal.
In the second assignment of error, defendant argues in the alternative that the trial court erred in failing to advise him of the delay for applying for post-conviction relief. We have reviewed the record and found that defendant’s assignment has merit. La.C.Cr.P. art. 930.8(C) provides that “at the time of sentencing, the trial judge shall inform the defendant of the prescriptive period for post conviction relief.” The transcript shows that defendant was not informed of the provisions of C.Cr.P. art. 930.8(C). Accordingly, the trial court is ordered to inform defendant of the provisions of article 930.8 by sending him written notice within ten days of the rendition of this opinion and to file proof of such notice in the record. The conviction and sentence are affirmed and the matter is remanded to the trial court.

AFFIRMED AND REMANDED WITH ORDER