WALTER J. ROTHSCHILD, Judge.
 

 pon May 9, 2007, the Jefferson Parish District Attorney filed a bill of information
 
 *281
 
 charging defendant, Carolyn Nelson, with possession of cocaine (Count 1) and possession of alprazolam (Count 2) in violation of LSA-R.S. 40:967 C and R.S. 40:969 C, respectively.
 
 [1]
 
 Defendant was arraigned on May 10, 2007, and pled not guilty. On June 20, 2008, defendant withdrew her not guilty plea and pled guilty as charged. The trial judge sentenced defendant to imprisonment at hard labor for five years to run concurrently with the sentences in case numbers 06-5709, 07-996, and 07-6696, as well as any other sentences being served.
 

 Also on June 20, 2008, the State filed a multiple bill alleging defendant to be a third felony offender, and defendant stipulated to those allegations. The trial judge vacated the original sentence on Count 1, and resentenced defendant under the multiple bill statute to imprisonment at hard labor for ten years to run |sconcurrently with the sentences in case numbers 06-5709, 07-996, and 07-6696, as well as any other sentences currently being served.
 

 On May 24, 2010, defendant filed a “Memorandum of Support of Application for Post Conviction” seeking an out-of-time appeal, which the trial judge granted on June 8, 2010.
 

 FACTS
 

 Defendant entered a guilty plea to the charged offenses of possession of cocaine and possession of alprazolam. The bill of information alleges the offenses occurred on April 20, 2007. The probable cause affidavit provides the following facts leading up to defendant’s arrest:
 

 A deputy stopped a truck for running a stop sign. While the deputy was interviewing the driver outside of the vehicle, the deputy observed three passengers moving inside of the vehicle. The deputy proceeded to the passenger side of the vehicle to speak with the front seat passenger. Upon the door opening, the deputy observed in plain view on the floor board of the vehicle a clear plastic bag containing an off-white rock-like object that he recognized as being consistent with crack cocaine. At that time, the deputy and other officers removed the passengers, which included defendant. A search incidental to arrest revealed that defendant had a clear plastic bag containing two clear plastic bags with a white powdery substance that the deputy recognized as being consistent with powder cocaine. The bag also contained three white pills that the deputy recognized as Xanax.
 

 DISCUSSION
 

 By her first assignment, defendant argues that the trial judge did not ascertain through a proper Boykin
 
 [2]
 
 colloquy that she understood each of her rights before accepting her guilty pleas to Counts 1 and 2 and to the multiple bill. She | contends that the trial judge’s manner of determining whether her guilty plea was knowing and voluntary was not constitutionally sufficient and therefore constitutes reversible error. The State responds that the record shows the trial judge conducted a proper
 
 Boykin
 
 colloquy, and that the trial judge determined that defendant made a knowing, intelligent, and voluntary waiver of her rights before he accepted her guilty pleas.
 

 If a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea, and precludes review of such defects either by appeal or post-conviction relief.
 
 State v. Wingerter,
 
 05-697, p. 5 (La.App. 5 Cir. 3/14/06), 926 So.2d 662, 664. Once a defendant is sentenced, only those guilty pleas
 
 *282
 
 that are constitutionally infirm may be withdrawn by appeal or post-conviction relief.
 
 State v. McCoil,
 
 05-658, p. 7 (La.App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the
 
 Boykin
 
 colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept.
 
 Id.
 
 In such a case, the defendant has been denied due process of law in that the plea was not given freely and knowingly.
 
 State v. Dixon,
 
 449 So.2d 463, 464 (La.1984).
 

 A guilty plea is not valid unless the defendant voluntarily and intelligently relinquishes his known rights. Before accepting a guilty plea, the trial court must make an “independent determination of whether the defendant’s plea is made knowingly and intelligently through a colloquy wherein the defendant is questioned about his decision and the constitutional rights he is waiving.”
 
 State v. Pearson,
 
 03-652, p. 5 (La.App. 5 Cir. 12/9/03), 861 So.2d 283, 287,
 
 writ denied,
 
 04-166 (La.6/4/04), 876 So.2d 73, and
 
 cert. denied,
 
 543 U.S. 1007, 125, S.Ct. 626, 160 L.Ed.2d 471 (2004).
 

 | r,Under
 
 Boykin v. Alabama,
 
 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the decision to plead guilty will not be considered to be free and voluntary unless, at the very least, the defendant was advised of his constitutional rights against self-incrimination, to a trial by jury, and to confront his accusers.
 
 State v. Hebert,
 
 02-884, p. 3 (La.App. 5 Cir. 12/30/02), 838 So.2d 30, 32. There also must be an express and knowing waiver of those rights.
 
 State v. Jones,
 
 08-1158, p. 3 (La.App. 5 Cir. 2/25/09), 9 So.3d 893, 894. The waiver must be on the record, which must unequivocally show that the waiver was free and voluntary.
 
 State v. Ursin,
 
 98-435, p. 3 (La.App. 5 Cir. 10/28/98), 720 So.2d 1248, 1249. The Louisiana Supreme Court has consistently stated that the knowing and intelligent nature of a defendant’s waiver of rights “ ‘depends upon the circumstances of each case.’ ”
 
 State v. Filer,
 
 00-0073 (La.6/30/00), 762 So.2d 1080 (per curiam),
 

 Counts 1 and 2
 

 The transcript reflects that on June 20, 2008, defense counsel advised the trial judge that defendant wanted to plead guilty to all counts in the instant case and in case numbers 06-5709, 07-996, and 07-6696, with the agreement that defendant would be triple billed instead of quadruple billed. The colloquy between the trial judge and defendant reveals defendant was 40 years old at the time she entered the pleas and that she had obtained a GED. The trial judge confirmed that defendant’s attorney had advised defendant of her right to a trial by jury, right to confrontation, and right against self-incrimination and that defendant told her attorney she understood these rights. The trial judge advised defendant of the nature of the offenses to which she was pleading guilty, and he told defendant the maximum sentences he could impose on both counts. He inquired whether defendant or her family had been forced, intimidated, coerced, or induced by a promise or reward to plead guilty, to which defendant replied, “No, sir.”
 

 | (¡The trial judge subsequently informed defendant of the sentences she would receive if she pled guilty. He advised defendant of her right to a trial by jury and her right to hire an attorney to defend her at trial or to have an attorney appointed if she could not afford one. The trial judge also advised defendant that if he accepted her guilty pleas, she would not have the right to assert any allegations or defects on appeal. He told defendant that she had
 
 *283
 
 the right to waive a trial by jury and be tried by the court alone. The trial judge ascertained that defendant had committed the crimes to which she was pleading guilty. Throughout the colloquy, the trial judge asked defendant if she understood her rights and the fact that she was giving them up by pleading guilty, to which defendant consistently responded, “Yes” or “Yes, sir.”
 

 Afterward, the trial judge asked defense counsel if she had reviewed the waiver of rights form with defendant, to which defense counsel responded affirmatively. The trial judge confirmed that defense counsel’s signature appeared on the waiver of rights form. He asked defendant whether she had any questions regarding the rights she was waiving or the sentences that were going to be imposed, and she responded, “No, sir.” At the conclusion of the colloquy, the trial judge stated that he was entirely satisfied that defendant was aware of the nature of the crimes to which she had pled guilty, that defendant committed the crimes and understood the consequences of the guilty pleas, and that she had made a knowing, intelligent, free, and voluntary act of pleading guilty to the crimes. The trial judge also found that there was a factual basis for acceptance of the pleas. As such, he accepted defendant’s guilty pleas.
 
 [3]
 
 The record indicates that defendant and her attorney did not make any objections to the guilty pleas, nor did defendant ask the | judge any questions or inform him that she did not understand the consequences of her guilty plea.
 

 The record contains the waiver of rights form entitled “Defendant’s Acknowledgement of Constitutional Rights and Waiver of Rights on Entry of a Plea of Guilty.” Defendant did not place her initials next to any of the rights listed on that form. Nevertheless, the form was signed at the bottom by defendant, defendant’s attorney, and the trial judge and filed into the record.
 
 [4]
 
 Defendant’s attorney attested that she had informed defendant of her rights (including the three
 
 Boykin
 
 rights), that defendant was waiving them, and that she was entirely satisfied that defendant knowingly, willingly, intelligently, and voluntarily had entered guilty pleas knowing the consequences.
 

 The paragraph above defendant’s signature provided that the foregoing form had been read to defendant and that her attorney and the trial judge had explained her rights to her and what rights she was waiving or giving up, as listed in the waiver of rights form. The paragraph further provided that defendant had been given every opportunity by the trial judge to ask questions in open court about anything she did not understand and about all of the consequences regarding her guilty pleas,
 
 *284
 
 and that she was completely satisfied with the explanations of her attorney and the trial judge. Defendant acknowledged that her act of pleading guilty was a knowing, intelligent, free, and voluntary act on her part, and that no one forced her to plead guilty.
 

 |sThe paragraph above the trial judge’s signature stated that he had entered into the foregoing colloquy with defendant and that he was entirely satisfied that defendant understood the consequences of her pleas and that she had made a knowing, intelligent, free, and voluntary act of pleading guilty to the crimes listed in the waiver of rights
 
 form.
 

 After review of the entire record, we find that the plea colloquy along with the well-executed waiver of rights form constitute a sufficient affirmative showing on the record that defendant was advised of her rights, that she understood them, and that she made a knowing and intelligent waiver of them.
 
 See State v. Pearson, supra,
 
 03-652 at 5-7, 861 So.2d at 287-88.
 

 Multiple Bill
 

 LSA-R.S. 15:529.1
 
 [5]
 
 requires the trial court to advise a defendant of the allegations contained in the multiple offender bill of information, his right to a hearing, and his right to remain silent.
 
 State v. Haywood,
 
 00-1584, p. 19 (La.App. 5 Cir. 3/28/01), 783 So.2d 568, 582.
 

 In the instant case, the transcript reflects that on June 20, 2008, after defendant entered the guilty pleas detailed above and was sentenced, the prosecutor said she was filing at that time a multiple bill alleging defendant to be a third felony offender. The transcript shows that the trial judge then read the waiver of rights form pertaining to the multiple bill into the record. That form indicated that defendant was pleading guilty to being a third felony offender based on the prior felony convictions contained in the multiple bill that was attached to the multiple bill form.
 

 The waiver of rights form also indicated that by entering the guilty plea, defendant understood that she was giving up the right to have a hearing and force |flthe district attorney to prove she was the same individual who had the prior felony record; that the time period between the completion of the sentence for the prior felony and the date of the instant offense was ten years or less; and that if any prior conviction was the result of a guilty plea, that she was properly advised at that time of her right to a trial by jury, her right to cross-examine the State’s witnesses, and her right to remain silent at trial. The waiver of rights form provided that defendant understood she had the right to be represented by an attorney, and that if she could not afford one, one would be appointed for her. It also provided that defendant understood she had the right to remain silent throughout such a hearing and not have her silence held against her.
 

 The form further provided that defendant understood that the sentencing range as a multiple offender was a minimum of 80 months and a maximum of ten years and that she would receive a ten-year sentence. Additionally, the form contained the statements, “I am satisfied with my attorney and the Court in them efforts to explain these rights. I am waiving these rights and understand the consequences of this guilty plea.” Lastly, the form set forth that defendant had not been forced, threatened, or coerced to enter this guilty plea, and that she understood all the possible legal consequences of pleading guilty and wished to plead guilty at that time.
 

 
 *285
 
 After the trial judge read the waiver of rights form, he asked defendant’s attorney and defendant whether those were their signatures on the form, to which they responded affirmatively. The trial judge asked defendant if she had any questions, and defendant responded, “No.” Following the colloquy, the trial judge said that he accepted the guilty plea as having been knowingly, intelligently, freely, and voluntarily made by the defendant. Defense counsel then waived sentencing delays, and the trial judge vacated the original sentence on Count 1 and | inresentenced defendant under the multiple bill statute to ten years at hard labor without benefit of probation or suspension of sentence to run concurrently with the other sentences defendant was currently serving.
 

 The waiver of rights form shows that defendant placed her initials next to each of the rights she was waiving, the sentencing range for being a third felony offender, and the ten-year sentence she would receive, that she was satisfied with her attorney and the court in their efforts to explain these rights, that she was waiving these rights, that she had not been forced or threatened or coerced to enter this guilty plea, and that she understood the possible legal consequences of pleading guilty and wished to plead guilty at that time. The signatures of defendant and defendant’s attorney are at the bottom of the form, as well as the signature of the trial judge who attested that the plea of guilty was accepted by the court as having been knowingly, intelligently, freely, and voluntarily made by defendant.
 

 After a review of the record, we find that the plea colloquy along with the well-executed waiver of rights form constitute a sufficient affirmative showing on the record that defendant was advised of her rights, that she understood them, and that she made a knowing and intelligent waiver of them.
 

 This assignment of error is without merit.
 

 Defendant next argues that her adjudication as a third felony offender should be reversed and her ten-year sentence should be vacated because the trial judge illegally used a predicate offense that was more than ten years old. She indicates that her ten-year sentence is excessive because she was improperly found to be a third felony offender. Defendant lastly contends that the evidence was insufficient to prove that she was a third felony offender, noting that transcripts from the previous convictions were not entered into the record, and there was no indication l^that she was represented by counsel prior to pleading guilty to the predicate offenses.
 

 The State responds that defendant is precluded from seeking review of her sentence because it was imposed in conformity with a plea agreement set forth in the record at the time of the plea. The State also responds that the issue is not preserved for appellate review because defendant failed to file a written response or make any objections to the multiple bill. Lastly, the State argues that the trial court and this Court have already considered and rejected defendant’s claims, and that defendant has not presented any new evidence to suggest this Court’s prior ruling denying her writ was in error.
 

 On June 20, 2008, defendant advised the trial judge that she wanted to stipulate to being a third felony offender. By means of the waiver of rights form as well as the colloquy, defendant was advised of her multiple offender rights and that she would receive a ten-year sentence as a third felony offender. After accepting defendant’s stipulation to the multiple bill, the trial judge vacated the original sentence on Count 1 and re-sentenced defen
 
 *286
 
 dant under the multiple bill statute to ten years at hard labor without benefit of probation or suspension of sentence to run concurrently with the other sentences defendant was currently serving.
 

 On November 19, 2008, defendant filed a pro se “Motion for Reduction/Amendment of Sentence.” In that motion, defendant moved the trial court to reconsider, amend, or modify her sentence of ten years to a lesser number of years due to her exemplary achievements toward rehabilitation, including self-help, education, work performance, and conduct. On November 25, 2008, the trial judge denied her motion, stating that under LSA-C.Cr.P. art. 881, a sentence could not be amended once the defendant had begun serving it, and a trial court could only amend a felony sentence that was ordered without hard labor. The trial judge | 12also stated that a defendant could not seek review of a sentence imposed in conformity with a plea agreement set forth in the record at the time of the plea under LSA-C.Cr.P. art. 881.2 A(2). As such, the trial judge concluded that defendant was not entitled to relief as a matter of law.
 

 Defendant subsequently filed another pro se “Motion for Reduction/Amendment of Sentence” on an unknown date. In that motion, defendant moved the trial judge to amend or reduce her sentence of ten years to a lesser term pursuant to a newly enacted law that reduced the sentences for crack cocaine convictions to make them more equal to those offenses involving powder cocaine. On April 8, 2009, the trial judge denied her motion, again citing LSA-C.Cr.P. art. 881 and art. 881.2 A(2) as procedural bars.
 

 On May 20, 2009, defendant filed a pro se “Motion to Correct an Illegal Sentence.” In that motion, defendant argued , that her sentence was illegal because the State erred by using a conviction that was over ten years old to enhance the sentence, and because the sentence was excessive and grossly out of proportion with the five-year maximum sentence for a conviction for possession of cocaine. Defendant also noted that she was enrolled in a substance abuse program and had maintained a good attitude. On May 29, 2009, the trial judge denied defendant’s motion, stating that he had reviewed the record with close regard to the transcripts and the multiple bill and found no illegality in sentencing. The trial judge noted that the State enhanced defendant’s sentence with her past convictions, that no constitutional violation occurred, and that she was not entitled to relief from the trial court. The trial judge again stated that LSA-C.Cr.P. arts. 881 and 881.2 A(2) were procedural bars, and that as a matter of law, defendant was not entitled to relief.
 

 | ^Defendant filed another “Motion to Correct Illegal Sentence” on July 8, 2009. In that motion, defendant argued again that the ten-year cleansing period prohibited the State from using the predicate offense of theft of goods over $100 to which she pled guilty in May of 1992. The trial judge denied the motion on July 20, 2009, again stating that he had reviewed the record, that there was no illegality in sentencing, that no constitutional violation had occurred, that her sentence was not illegal, and that she was not entitled to relief.
 

 On August 4, 2009, defendant filed a notice of intent to apply for writs in connection with the trial judge’s denial of her “Motion to Correct Illegal Sentence,” that was granted. Defendant filed a writ with this Court arguing that she received ineffective assistance of counsel, because her counsel failed to object to the predicate offenses used by the State, and he failed to recognize that the State was barred from using the 1992 conviction for theft of goods as a predicate offense in the multiple bill.
 
 *287
 
 Defendant again contended that the ten-year cleansing period prohibited the State from using that predicate offense.
 

 This Court denied defendant’s writ on October 22, 2009, stating that defendant’s motion asserted a claim for correction of a sentencing error, and not an illegal sentence. This Court found that pursuant to LSA-C.Cr.P. art. 930.3, there was no basis for review of claims of sentencing errors post-conviction, citing
 
 State ex rel. Melinie v. State,
 
 93-1380 (La.1/12/96), 665 So.2d 1172 and, therefore, the trial court correctly denied that motion. This Court asserted that the error assigned in the writ application as it related to an ineffective assistance of counsel claim was not raised in the district court nor was it ruled upon. It noted that this ineffective assistance of counsel claim should be appropriately addressed through an application for post-conviction relief filed | uby defendant in the district court.
 
 State v. Nelson,
 
 09-KH-759 (La.App. 5 Cir. 10/22/09) (unpublished writ disposition).
 

 On May 11, 2010, defendant filed an Application for Post-Conviction Relief in the trial court. In her application, defendant argued that her attorney was ineffective when she failed to object during the enhancement hearing. The trial judge denied the application on May 25, 2010, stating in pertinent part:
 

 In the case at hand, the Waiver of Constitutional Rights and Plea of Guilty form for the charges are in the record, signed by the petitioner, counsel, and the court, as is the transcript of the plea of guilty and sentencing. The plea of guilty to the multiple bill was informed and voluntary, and does not establish a basis for proving ineffective assistance of counsel. Additionally, the petitioner’s sentences are well below the maximum allowed by law.
 

 In all post-conviction proceedings, the burden of proof is on the petitioner. LSA-C.Cr.P. art. 930.2. The petitioner fails to meet this burden. She has proven neither prong of the
 
 Strickland
 
 test.
 
 [6]
 
 There is no evidence in the record suggesting prejudice or deficient performance by her attorney. The court finds no error in the habitual offender bill, in the predicate offenses used in the multiple bill, or in counsel’s performance. On the contrary, the record establishes that counsel performed with a high degree of effectiveness. Due to counsel’s efforts, petitioner received a greatly reduced sentence from the maximum sentence allowed in all charges. Significantly, the petitioner does not assert that she would have insisted on going to trial.
 

 Upon review of the pleadings and the entire court record, the defendant’s claim of ineffective assistance of counsel is without merit. She is not entitled to post-conviction relief, [footnote added].
 

 In the instant appeal, defendant argues that her adjudication as a third felony offender should be reversed and her ten-year sentence should be vacated because the trial judge illegally used a predicate offense that was more than ten years old. She indicates that her ten-year sentence is excessive because she was improperly found to be a third felony offender. Defendant lastly contends that the evidence was insufficient to prove that she was a third felony offender, noting that 1 istranscripts from the previous convictions were not entered into the record, and there was no indication that she was represented by counsel prior to pleading guilty to the predicate offenses.
 

 
 *288
 
 The record shows that defendant did not file a written response challenging the validity of the prior guilty pleas as provided by LSA-R.S. 15:529.1 (D)(1)(b), nor did she raise these issues at the habitual offender hearing. Therefore, defendant has not preserved these issues for review and is precluded from presenting them to this Court on appeal.
 
 State v. Stevenson,
 
 03-1146, p. 3 (La.App. 5 Cir. 2/10/04), 868 So.2d 811, 812,
 
 writs denied,
 
 04-721 (La.9/24/04), 882 So.2d 1166, and 04-863 (La.10/1/04), 883 So.2d 1004.
 

 Additionally, an unconditional plea, willingly and knowingly made, waives any and all non-jurisdictional defects and bars a defendant from later asserting on appeal that the State failed to produce sufficient proof at the multiple offender hearing.
 
 State v. Hartshorn,
 
 09-47, p. 10 (La.App. 5 Cir. 11/10/09), 25 So.3d 172, 179,
 
 writ denied,
 
 09-2654 (La.6/4/10), 38 So.3d 298. Because defendant stipulated to the allegations in the multiple bill and willingly and knowingly made an unconditional plea, she is barred from asserting on appeal that the State failed to produce sufficient proof at the multiple bill hearing.
 
 Id.
 

 Moreover, the record reflects that defendant’s ten-year sentence was imposed in conformity with a plea agreement, and the ten-year sentence was within the statutory limits. LSA-C.Cr.P. art. 881.2 A(2) provides, “The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.” This Court has consistently recognized that Article 881.2 A(2) precludes a defendant from seeking review of a sentence to which the defendant agreed prior to pleading guilty.
 
 State v. Guerra,
 
 03-1071, p. 5 (La.App. 5 Cir. 12/30/03), 865 So.2d 154, 157. Based on |1fithe foregoing, we find that defendant is not entitled to appellate review of her sentence.
 
 Id.
 

 This assignment of error is also without merit.
 
 [7]
 

 ERROR PATENT DISCUSSION
 

 The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920;
 
 State v. Oliveaux,
 
 312 So.2d 337 (La.1975); and
 
 State v. Weiland,
 
 556 So.2d 175 (La.App. 5 Cir.1990). The review revealed no errors which require corrective action.
 

 DECREE
 

 Accordingly, for the reasons assigned herein, the conviction and sentence of defendant Carolyn Nelson are hereby affirmed.
 

 AFFIRMED.
 

 [1]
 

 . Julie L. Collins was also charged with those same offenses in the same bill of information.
 

 [2]
 

 .
 
 Boykin v. Alabama,
 
 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
 

 [3]
 

 . The record indicates that defendant pled guilty in the instant case, as well as in case numbers 06-5709, 07-996, and 07-6696. All four case numbers are listed on the waiver of rights form.
 

 [4]
 

 .
 
 See, State v. Hebert, supra.
 
 In that case, defendant argued on appeal that the trial court erred by accepting his guilty plea without first advising him of his right to remain silent. Even though defendant did not place his initials next to the paragraph in the waiver of rights form pertaining to the three
 
 Boy-kin
 
 rights, he did place his initials next to the remaining questions. Although the transcript of the
 
 Boykin
 
 colloquy revealed that the trial judge did not specifically advise defendant of his right against self-incrimination, the transcript showed that the trial judge thoroughly reviewed the entire guilty plea form with defendant before accepting his plea. This Court found that the plea colloquy along with the well-executed waiver of rights form constituted sufficient affirmative showing on the record that defendant knowingly waived his privilege against self-incrimination.
 
 State v. Hebert,
 
 02-884 at 3-7, 838 So.2d at 31-34.
 

 [5]
 

 . It is noted that LSA-R.S. 15:529.1 was amended by the Louisiana Legislature in 2010; however, those amendments do not change the analysis herein.
 

 [6]
 

 .
 
 Strickland v. Washington,
 
 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).
 

 [7]
 

 . It is noted that the merits of defendant’s claim regarding the cleansing period could not be addressed even if that issue had been properly raised, because the date of the commission of the offense of theft of good over $100 that defendant pled guilty to on June 21, 2002, and the date of discharge from the prior conviction are not in the record.