SUSAN M. CHEHARDY, Judge.
li>On appeal, defendant challenges her guilty pleas as infirm on the basis that the trial judge failed to adequately advise her of her rights before accepting her pleas. For the following reasons, we affirm defendant’s convictions.

Facts and Procedural History

In this case, Zelda Welch, hereinafter referred to as defendant, pled guilty to three separate and distinct bills of information without proceeding to trial. As such, the minimal facts presented were gleaned from the record whenever possible.
On or about July 31, 2008, Zelda Welch misappropriated over $500.00 in U.S. currency from Marian Giordina without her consent. On or about April 15, 2009, without authorization and with the intent to defraud, defendant possessed an access device belonging to Lori Parigi, which was valued at greater than $500.00. Further, on or about May 15, 2009, defendant misappropriated U.S. currency valued at over $500.00 from Lori Parigi. These offenses occurred in Jefferson Parish, Louisiana.
On August 18, 2009, the Jefferson Parish District Attorney filed a three-count bill of information in district court case number 09-4402, charging Zelda |3Welch with two counts of theft of U.S. currency over $500.00, in violation of La. R.S. 14:67 (counts one and two) and one count of access device fraud,[1] in violation of La. R.S. 14:70.4 (count three). On September 8, 2009, defendant pled not guilty to these charges.
In a separate incident, on or about March 14, 2010, Jefferson Parish Sheriffs Deputy Kevin McGuffie stopped Zelda Welch for improper lane usage in a vehicle that had been reported as stolen. When Deputy McGuffie exited his vehicle to speak to defendant, he noticed an eleven-month-old baby sitting unrestrained in the front seat of the vehicle. When questioned by Deputy McGuffie, defendant offered a fake name and refused to present any identification. Meanwhile, as Deputy McGuffie was trying to determine her identity, she fled in the stolen vehicle at a high rate of speed, driving through numerous parking lots and neighborhoods as the police officers pursued her. Finally, after colliding with a police vehicle and an innocent bystander’s vehicle, she surrendered to deputies.
With respect to that incident, on May 10, 2010, the Jefferson Parish District Attorney filed a bill of information in district court case number 10-2434 charging the same defendant with aggravated flight from an officer, in violation of La. R.S. 14:108.1(C). At her arraignment the following day, defendant pled not guilty.
Next, between September 7, 2010 and September 10, 2010, defendant twice transferred an access device belonging to another without authorization and with the intent to defraud, and obtained goods and services. In one instance, she obtained goods valued at over $700.00 and, in the second instance, she obtained goods valued at over $2,000.00.
In another separate incident, on October 8, 2010, Deputy Jeffrey Reynolds of the Jefferson Parish .Sheriffs Office (“JPSO”) observed a red Honda Element |4that had been reported stolen near the intersection of Manhattan and Gretna Boulevards. When he attempted to stop that vehicle, the driver led him and other JPSO and Gretna Police officers on a high speed chase through dense traffic. The chase ended when the driver of the stolen vehicle *122 collided with another vehicle near the intersection of Westbank Expressway and Urbandale Drive.
When Deputy Reynolds apprehended the driver of the stolen vehicle, he determined that defendant herein had been driving the stolen vehicle with two children in the vehicle.[2] On that day, defendant fled from officers at a high rate of speed in a vehicle that she knew or should have known was stolen, resisted arrest, and caused more than $1,000.00 damage to the stolen vehicle.
Further, on or about October 18, 2010, defendant again transferred an access device issued to another person without authorization and with intent to defraud, and obtained goods and services valued at over $500.00. This incident also occurred in Jefferson Parish.
With respect to these incidents, the Jefferson Parish District Attorney on December 15, 2010 filed a seven-count bill of information in district court case number 10-6088 charging defendant as follows: count one: aggravated flight from an officer in violation of La. R.S. 14:108.1(C); count two: resisting a police officer by violence or threats of violence in violation of La. R.S. 14:108.2; count three: simple criminal damage to property with damages amounting to over $1,000.00 in violation of La. R.S. 14:56; count four: possession of stolen property valued at over $10,000.00 in violation of La. R.S. 14:69; count five: access device fraud valued at over $700.00 in violation of La. R.S. 14:70.4; count six: access device fraud valued at over $2,000.00 in violation of La. R.S. 14:70.4; and count seven: ^access device fraud valued at over $500.00 in violation of La. R.S. 14:70.4. At her arraignment the following day, defendant pled not guilty to these charges.
Thereafter, at a hearing on January 20, 2011, defendant withdrew her former pleas of not guilty and tendered pleas of guilty as charged on each count in all three bills of information. She was sentenced as follows.
In district court case number 09-4402, defendant pled guilty to two counts of theft of U.S. currency over $500.00, in violation of La. R.S. 14:67 (counts one and two) and one count of access device fraud, in violation of La. R.S. 14:70.4. The trial judge sentenced defendant to ten years imprisonment with the Department of Corrections [3] on each count, to run concurrently. On February 15, 2011, defendant filed a written motion for appeal, which was granted on March 1, 2011. That appeal was docketed by this Court as ll-KA-487.
In district court case number 10-2434, defendant pled guilty to aggravated flight from an officer, in violation of La. R.S. 14:108.1(C). The trial judge sentenced defendant to two years imprisonment with the Department of Corrections,[4] to run concurrently the sentences imposed for convictions in district court case number 09-4402.[5] On March 1, 2011, the trial judge granted defendant’s motion for appeal, which was docketed with this Court as ll-KA-488.
*123 Finally, in the seven-count bill of information filed in district court case number
10-6088, the trial judge sentenced defendant after accepting her guilty pleas[6] to the Department of Corrections[7] as follows:
• count one, aggravated flight: two years;
• count two, resisting a police officer by force: three years;
• count three, simple criminal damage to property: two years;
|fi* count four, possession of stolen property over $10,000.00: ten years;
• count five, access device fraud over $700.00: five years;
• count six, access device fraud over $1500.00: ten years;
• count seven, access device fraud over $500.00: five years.
These sentences were ordered to run concurrently with each other and with the sentences in district court case numbers 09-4402 and 10-2434.[8] Defendant filed a motion for appeal on February 9, 2011, which was granted on February 16, 2011. This matter was docketed by this Court as 11-KA-489.
Also, at the hearing on January 20, 2011, the State filed a multiple offender bill of information in district court case number 09^4402, alleging that defendant was a third felony offender. That same date, defendant stipulated to the allegations in the multiple offender bill of information. The trial judge then vacated her underlying sentence on count one in 09-4402 (theft over $500.00) and sentenced defendant to 18 years imprisonment with the Department of Corrections,[9] without benefit of probation or suspension of sentence. The trial judge ordered defendant’s enhanced sentence to run concurrently with those imposed in her “other cases.”[10]
On May 25, 2011, appellant’s counsel filed a “Motion to Consolidate Appeals for Briefing Purposes,” which was granted by this Court on May 26, 2011. This appeal follows.

Discussion

In her only assignment of error, defendant argues that her eleven felony guilty pleas should be set aside as invalid.[11] First, she argues that the trial court did not comply with Boykin[12] because, with regard to her felony guilty pleas, he advised her only of her right to be tried by a judge or a jury. Defendant explains [ 7that the judge discussed many rights with respect to her misdemeanor guilty pleas, which are not before this Court, but failed to advise that those rights also applied to her felony guilty pleas.
Second, although defendant admits that she signed each waiver of constitutional rights form, she contends that her guilty pleas are infirm because she did not initial any of the individual rights on each form agreeing that she understood the rights she was waiving in each case and for each charge. She also asserts that her level of education was not ascertained by the trial court to determine if she was even capable *124 of reading or understanding the forms she had signed or the rights she was waiving.
The State responds that the record demonstrates that the trial court complied with La.C.Cr.P. art. 556.1 and conducted a proper Boykin colloquy. Further, the record reflects that defendant was fully informed of and understood her rights before waiving those rights so defendant’s guilty pleas are constitutionally valid. The State concludes that defendant’s guilty pleas and sentences should be affirmed.
If a defendant pleads guilty, the defendant normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea, and precludes review of such defects either by appeal or post-conviction relief. State v. Wingerter, 05-697, p. 5 (La.App. 5 Cir. 3/14/06), 926 So.2d 662, 664. Once a defendant has been sentenced, only those guilty pleas which are constitutionally infirm may be withdrawn through an appeal or post-conviction relief. State v. McCoil, 05-658, p. 7 (La.App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124.
A guilty plea is constitutionally infirm when it is not entered freely and voluntarily, if the Boykin colloquy was inadequate, or when a defendant is induced to enter the plea by a plea bargain and that bargain is not kept. Id. Even if | defendant has not filed a motion to withdraw his guilty plea, the defendant is not prohibited from challenging a constitutionally infirm guilty plea either by means of appeal or post-conviction relief. State v. Shelton, 09-713, p. 7 (La.App. 5 Cir. 3/9/10), 39 So.3d 601, 604, writ denied, 10-0839 (La.11/5/10), 50 So.3d 812. In such a case, the defendant has been denied due process of law in that the plea was not given freely and knowingly. State v. Dixon, 449 So.2d 463, 464 (La.1984).
A guilty plea is not valid unless the defendant voluntarily and intelligently relinquishes known rights. Before accepting a guilty plea, the trial court must make an “independent determination of whether the defendant’s plea is made knowingly and intelligently through a colloquy wherein the defendant is questioned about his decision and the constitutional rights he is waiving.” State v. Nelson, 10-760, p. 4 (La.App. 5 Cir. 3/29/11), 63 So.3d 280, 282 (quotation omitted).
“While it is preferable for the trial judge to conduct a colloquy with the defendant to ascertain the validity of the plea, such a colloquy may not be indispensable, as long as the record contains some other affirmative showing to support the plea.” State v. Halsell, 403 So.2d 688, 690 (La.1981); State v. Gardette, 00-38 (La.App. 5 Cir. 5/17/00), 760 So.2d 1262, 1264-65. In State v. Halsell, 403 So.2d 688, 692-93 (La.1981), the Louisiana Supreme Court recognized that a trial judge has a right to rely upon an attorney’s representation that he has informed a defendant of his rights.
Under Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the decision to plead guilty will not be considered to be free and voluntary unless, at the very least, the defendant was advised of constitutional rights against self-incrimination, to a trial by jury, and to confront his accusers. Nelson, 10-760 at 5, 63 So.3d at 282. There also must be an express and knowing waiver of those | grights. Id. The waiver must be on the record, which must unequivocally show that the waiver was free and voluntary. Id. The Louisiana Supreme Court has consistently stated that the knowing and intelligent nature of a defendant’s waiver of rights “depends upon the circumstances of each case.” Id. (quoting State v. Filer, 00-0073 (La.6/30/00), 762 So.2d 1080 (per curiam)).
*125 La.C.Cr.P. art. 556.1 provides the following:
A. In a felony case, the court shall not accept a plea of guilty or nolo contende-re without first addressing the defendant personally in open court and informing him of, and determining that he understands, all of the following:
(1) The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law.
(2) If the defendant is not represented by an attorney, that he has the right to be represented by an attorney at every stage of the proceeding against him and, if financially unable to employ counsel, one will be appointed to represent him.
(3) That he has the right to plead not guilty or to persist in that plea if it has already been made, and that he has the right to be tried by a jury and at that trial has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself.
(4) That if he pleads guilty or nolo con-tendere there will not be a further trial of any kind, so that by pleading guilty or nolo contendere he waives the right to a trial.
B. In a felony case, the court shall not accept a plea of guilty or nolo contende-re without first addressing the defendant personally in open court and determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement.
C. The court shall also inquire as to whether the defendant’s willingness to plead guilty or nolo contendere results from prior discussions between the district attorney and the defendant or his attorney. If a plea agreement has been reached by the parties, the court, on the record, shall require the disclosure of the agreement in open court or, on a showing of good cause, in camera, at the time the plea is offered.
D.In a felony case a verbatim record shall be made of the proceedings at which the defendant enters a plea of guilty or nolo contendere.
lipE. Any variance from the procedures required by this Article which does not affect substantial rights of the accused shall not invalidate the plea.
Violations of La.C.Cr.P. art. 556.1 that do not rise to the level of Boykin violations are subject to harmless error analysis. State v. Gilliam, 01-748 (La.App. 5 Cir. 1/15/02), 807 So.2d 1024, 1027, writ denied, 02-512 (La.11/1/02), 828 So.2d 562. In determining whether a violation of Article 556.1 is harmless, the inquiry is whether the defendant’s knowledge and comprehension of the full and correct information would have likely affected his willingness to plead guilty. Id.
First, defendant argues that, although she was advised of her Boykin rights with respect misdemeanor guilty pleas, the trial judge did not specify that those rights also applied to her felony guilty pleas.
Here, the record reflects that defendant was born on November 5, 1968, which means that she was 42 years old at the time she entered her guilty pleas. Defendant was represented by counsel during her guilty plea colloquy. Defendant executed three separate waiver of constitutional rights forms, which were signed by defendant, her counsel, and the judge. The forms set forth the charges, her possible sentencing exposure, and the sentences that she would actually receive if her guilty pleas were accepted by the trial judge. The forms also stated the constitutional rights that she was waiving. During *126 the guilty plea colloquy, both defendant and her attorney acknowledged their signatures on the forms.
Further, defendant’s counsel advised the trial court that he had gone over the forms with defendant, discussed discovery with her, and reviewed her predicate convictions. Counsel advised the trial court that he believed they had “completed all aspects of her cases and that she understands the rights she’s waiving....”
| uFurther, the trial judge spoke directly with defendant. The judge advised defendant of the nature of the offenses to which she was pleading guilty, the sentencing ranges that she faced for the offenses, and the actual sentences that would be imposed if her pleas were accepted. Defendant stated that she understood the judge’s statements. The judge advised defendant that she was waiving her right to a trial by judge or jury as to her felony charges and waiving her right to trial by judge alone as to her misdemeanor charges. Again, defendant indicated that she understood.
The trial judge later informed defendant that she was waiving her right to confrontation, her right against self-incrimination, and her right to appeal any verdict that might be returned against her at trial. When the judge asked defendant if she understood her rights, she indicated that she did. The judge asked if there was anything about what he had just read to her that she did not understand, and she responded, “No, sir.” The record indicates that defendant and her attorney did not make any objections to the guilty pleas, nor did defendant ask the judge any questions or inform the judge that she did not understand the consequences of her guilty pleas.
Defendant indicated that she was satisfied with the way that her attorney and the trial court handled her case. She said that she had not been forced, threatened, or coerced in any way to enter her pleas of guilty. She indicated that she understood that a felony guilty plea could be used to enhance a penalty in the event of a future felony conviction. Defendant acknowledged that she understood all of the possible legal consequences of pleading guilty that were explained to her and that she wanted to plead guilty. The trial judge accepted defendant’s pleas as being knowingly, intelligently, freely, and voluntarily made by defendant.
11⅞After review of the entire record, we find that the trial judge’s advisal, her attorney’s attestation, and the three well-executed waiver of rights forms, which specifically set forth the constitutional rights that she was waiving, constitute an affirmative showing that defendant was adequately advised of her rights with respect to her felony guilty pleas.
In her next argument, defendant contends that her guilty pleas are infirm because she did not place her initials next to any of the rights listed on the form. We find no merit in this argument. “There has never been a requirement that a defendant initial each line in a plea form.” State v. Woods, 09-399, p. 16 (La. App. 5 Cir. 3/9/10), 38 So.3d 391, 405, writ denied, 10-0784 (La.10/29/10), 48 So.3d 1096. See also, State v. Nelson, 10-760, p. 4 (La.App. 5 Cir. 3/29/11), 63 So.3d 280, 283-284 (even though the well-executed waiver of constitutional rights form did not contain the defendant’s initials, the plea colloquy and waiver form constituted a sufficient affirmative showing on the record that the defendant was advised of her rights, that she understood them, and that she made a knowing and intelligent waiver of them). In conclusion, we find no merit in defendant’s assignment of error.

Errors patent

As is our routine practice, we have reviewed each record for errors patent, *127 according to La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir. 1990). We have found the following errors that require correction.

11KA487

The January 20, 2011 commitment for the multiple offender adjudication suggests that defendant “pled guilty” to being a second felony offender. However, |13the transcript reflects that defendant admitted to “being a triple offender under the ... law.”

11KA489

The date on the commitment is January 24, 2011. However, the transcript reflects that defendant’s guilty plea hearing and sentencing occurred on January 20, 2011. The commitment also fails to include the grades of the offenses for counts three, five, six, and seven, and the value reflected in the commitment for count four is inaccurate.
Generally, where there is an inconsistency between the minute entry and the transcript, the transcript prevails. State v. Lynch, 441 So.2d 732, 734 (La.1983). Accordingly, we remand this matter to the trial court for correction of the hard labor commitment in case numbers 09-4402 and 10-6088 to accurately reflect the transcript of the proceedings. Further, we instruct the trial court to direct the Twenty-Fourth Judicial District Clerk of Court to transmit the original of the corrected minute entry to the officer in charge of the institution to which defendant has been sentenced. See La.C.Cr.P. art. 892(B)(2); State ex rel. Roland v. State, 06-0244 (La.9/15/06), 937 So.2d 846 (per curiam).

AFFIRMED; REMANDED

. On January 20, 2011, the State amended the bill of information as to count three to specify that the amount of access device fraud was greater than $500.00.

. One of the children was the same infant that was present in the vehicle during the prior high-speed chase.

. Only those individuals actually sentenced to death or confinement at hard labor shall be committed to the Department of Corrections. La. R.S. 15:824(C); State v. Vance, 06-452, p. 7 (La.App. 5 Cir. 11/28/06), 947 So.2d 105, 109 n. 3, writ denied, 07-0152 (La.9/28/07), 964 So.2d 351.

. See Vance, 06-452 at 7, 947 So.2d at 109 n. 3.

. See error patent discussion.

. See error patent discussion.

. See Vance, 06-452 at 7, 947 So.2d at 109 n. 3.

. See error patent discussion.

. See Vance, 06-452 at 7, 947 So.2d at 109 n. 3.

.See error patent discussion.

. Defendant does not challenge the validity of her stipulation to the multiple bill. As such, the validity of the stipulation is not addressed herein.

. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).